THE PEOPLE ex rel. ABRAM H. DAILEY, Respondent, *v.* WALTER L. LIVINGSTON, Appellant.

Where, under an adverse judgment in an action in the nature of a *quo warranto*, the defendant who was in the possession of the office, having a certificate of election from the duly constituted board of canvassers, was removed from the office ; *held,* that upon reversal of the judgment here, the court had power and it was proper to compel restitution of the rights lost by means of the erroneous judgment (Code of Civil Procedure, § 1323) ; also, that the court could not look into the case to see which way the merits inclined as between the two contestants ; the defendant having the adjudication in his favor required by the statutes, and by virtue of it having held and exercised the office, this is conclusive until the certificate has been corrected or shown to be false by judicial determination. (1 R. S., 118, § 17.)

(Argued January 27, 1880; decided February 3, 1880.)

THE nature of the motion and the facts appear in the opinion.

*Walter L. Livingston,* appellant in person. The appellant was deprived of the books, papers and insignia of office by the judgment of ouster. (Old Code, § 437; *Lott* v. *Sweezey,* 29 Barb., 87, 88, 95.) This court, on reversing the judgment of ouster, has the power to compel restitution of the same to him. (New Code, § 1323; *Marvin* v. *Brewster Iron Mining Co.,* 56 N. Y., 671.) The judgment of ouster having been reversed, the rights of the parties remain precisely what they were previous to the trial of the issues ; and the appellant is entitled to restitution from the relator of all that was acquired by the latter, by virtue of the erroneous judgment. (Freeman on Judgment, §§ 481, 482, 483; *Bank of the U. S.* v. *Bank of Washington,* 6 Peters, 8–16, 17–19; *Clark* v. *Pinney,* 6 Cowen, 299; *Close* v. *Stuart,* 4 Wend., 95–98; *Sturges* v. *Allis,* 10 id., 354; *Maghee* v. *Kellog,* 24 id., 31, 32; *Lott* v. *Sweezey,* 29 Barb., 87; *Warmbaugh* v. *Gates,* 8 N. Y., 138; *Coster* v. *Peters,* 4 Abb. [N. S.], 53, 54; *Wilson* v. *Palmer,* 11 Hun, 327;

*McGuskin* v. *Coulter*, 2 Jones & Spencer, 328; *Green* v. *Martin*, 1 Hilton, 358, 363, 365; *Hall* v. *Emmons*, 11 Abb. [N. S.], 435, 436; *Chamberlain* v. *Choles*, 35 N. Y., 477; *People* v. *Johnson*, 38 id., 63–66; *Dowley* v. *Brower*, 4 How., 17–20; *Marvin* v. *The Brewster Iron Mining Co.*, 56 N. Y., 671; *Allen* v. *Robinson*, 17 Minn., 113, 117, 118; *Ewing* v. *Thompson*, 43 Penn., 373.) It makes no difference in this respect that a new trial is still to be had between the parties, and that the right to the thing to be restored remains yet to be determined. (*Sturges* v. *Allis*, 10 Wend., 354; *Close* v. *Stuart*, 4 id., 95–98; *Lott* v. *Sweezey*, 29 Barb., 87; *Coster* v. *Peters*, 4 Abb. [N. S.], 53, 54; *Marvin* v. *The Brewster Iron Mining Co.*, 56 N. Y., 671; *Marshall* v. *Macy*, 9 Week. Dig., 21.) The relator is without the slightest shadow of title to the office. (*Rochester, etc. R. R.* v. *Clark National Bank*, 60 Barb., 235–248; *Mayor, etc.,* v. *Flagg*, 6 Abb., 296–302; *People* v. *Albertson*, 6 How., 363, 364.) If the relator were an officer *de facto*, he could not stand upon that on this motion. (*Mayor* v. *Flagg*, 6 Abb., 296–302; *People* v. *Allen*, 42 Barb., 203–208.) The certificate of election of the board of county canvassers, is conclusive evidence of the appellant's title to the office until a judgment of ouster shall have been obtained against him. (1 R. S., 118 [m. p.], § 17 ; id. [6th ed.], 417, § 22; *People* v. *Jones*, 17 Wend., 81, 84, 85; *People* v. *Vail*, 20 id., 12, 13, 14; *Morgan* v. *Quackenbush*, 22 Barb., 72, 79, 80; *People* v. *Lacoste*, 37 N. Y., 192, 194, 195; McCrary, Am. Laws of Elections, § 221, p. 159, and cases cited ; *Dolan* v. *The Mayor*, 68 N. Y., 280, 281.) It entitles him to the present possession of the books, papers and insignia of office, particularly as against a person without color of title. (19 Alb. L. J., 142; *Matter of Baker*, 11 How., 418; *People* v. *Stevens*, 5 Hill, 616, 621, 630; *Matter of Bagley*, 27 How., 151; *Matter of Bartlett*, 9 id., 414; *Matter of Whiting*, 2 Barb., 513; *People* v. *Allen*, 42 id., 203; *Copee* v. *Davis*, 8 How., 367; High on Extraordinary Remedies, 63, §§ 74, 75; *People* v. *Head*, 25 Ill., 325; *Supervisors* v.

*O'Mally*, 1 Wis. Leg. News, 149, 19; Alb. L. J., 142; *Hill* v. *State of Ala.*, 1 Ala., 559; *Beebe* v. *Robinson*, 52 id., 66; *Crowell* v. *Lambert*, 10 Minn., 369–375; *State* v. *Sherwood*, 15 id., 221; *Allen* v. *Robinson*, 17 id., 113; *Ewing* v. *Thompson*, 43 Penn., 373.) Before the relator can be entitled to the possession of the books and papers of the office, there must be a judgment in force declaring him entitled to the office. (Code, §§ 436, 437, 438; *People* v. *Thatcher*, 55 N. Y., 537.)

*A. H. Dailey*, relator in person. The awarding of restitution, under section 1323 of the Code of Civil Procedure, rested in the discretion of the court, and was in no sense an absolute right. (*Coster* v. *Peters*, 7 Rob., 387.) As the only mode of trying the question of title to a public office, is by a civil action under the Code of Procedure, section 1323 of the Code of Civil Procedure cannot apply to such actions. (*People* v. *Thacher*, 55 N. Y., 525; Code of Proc., § 11; Code of Civil Proc., § 191; Code of Proc., §§ 428, 432, 434–441; 1 R. S. [6th ed.], 424; *People* v. *Conklin*, 5 Hun, 452; *People* v. *Conover*, 6 Abb., 220; *State* v. *Johnson*, 40 Geo., 164; *People* v. *Connor*, 13 Mich., 238; *Welch* v. *Cook*, 7 How., 282.) Execution shall only issue to collect costs. (*People* v. *Snedeker*, 3 Abb., 233; *Matter of Welch*, 14 Barb., 396; *Conover* v. *Devlin*, 24 id., 587; *People* v. *Conover*, 6 Abb., 220; *Matter of Davis*, 19 How., 323; *Demarest* v. *Fairchild*, 8 Hun, 334; affirmed, 67 N. Y., 334; *Palmer* v. *Foley*, 45 How., 110; *Matter of Davis*, 19 id., 323.) A judgment in *quo warranto* is declaratory merely, the bringing of the action gives the court no jurisdiction over the office in dispute, and the rendition of the judgment as to the right to the office confers no power upon it to enforce such judgment. (*State ex rel. Fulgham* v. *Johnson*, 40 Geo., 164; *State* v. *Taylor, etc.*, 15 Ohio State, 137; *People* v. *Connor*, 13 Mich., 238; *People* v. *Phillips*, 1 Denio, 388, 399; *Conover* v. *Devlin*, 24 Barb., 587.) *In re Davis* (19 How., 323); *In re Benjamin Welch*

(14 Barb., 396).   (*People* v. *Tiernan*, 30 Barb., 193; *Dolan* v. *The Mayor*, 68 N. Y., 274; *People* v. *Nostrand*, 46 id., 375.)   The election gives the right to the office, not the return.   (*People* v. *Pease*, 30 Barb., 592; *People* v. *Cook*, 8 N. Y., 82; *People* v. *Pease*, 27 id., 45 ; *People* v. *Thatcher*, 55 N. Y., 525.)   The rule is settled in this State that where judgments are reversed and new trials ordered, restitution will not be awarded.   (*Estus* v. *Baldwin*, 9 How., 81; *Young* v. *Brush*, 18 Abb., 179; *Marvin* v. *Brewster Iron Mining Co.*, 56 N. Y., 671.)

Folger, J.   This is a motion to amend the judgment heretofore given in this case, by adding to it a command that the relator surrender to the defendant, all the books, papers and insignia of office belonging or appertaining to the office of surrogate of Kings county, and the rooms appropriated to the use of that officer and his clerks.   In shorter phrase, it is a motion to compel restitution to the defendant of a right lost by an erroneous judgment.

The 1323rd section of the New Code provides that where a final judgment is reversed on appeal, the appellate court may compel restitution of a right lost by means of the erroneous judgment.   The facts of the case bring it within the grasp of that section.   The judgment of the court below in favor of the relator has been reversed on appeal by this appellate court.   By means of that judgment, held by this court to be erroneous, the defendant lost a right.   He had the certificate from the duly constituted board of canvassers that he was duly elected to the office of surrogate of Kings county ; he had taken the office thereunder, and was enjoying the emoluments of the office.   That certificate was the evidence of his election, in the first instance.   It gave him, at least the *prima facie* right to take the office, and exercise its powers and perform its duties, and receive the emoluments thereof.   It is conclusive, until it has been corrected or shown to be false by a judicial determination.   (1 R. S., 118, § 17.)   This has not been done ; for though an action has been

brought which aims at that, it has not yet come to an end in a valid and abiding judgment. And though it is still pending, and a new trial to be had in it, it does not yet take from the defendant his *prima facie* right, as above stated. Until there is a judgment in the case that declares the defendant wrongfully in the possession of the certificate of election, and adjudges the relator the duly elected officer, the latter has no color of title to the office and no right to occupy it. His claim rests until then entirely in allegation. By a reversal of the judgment as erroneous, he is put back to where he was before the trial, when it is plain that he could not have lawfully assumed to exercise the power of the office ; while by the reversal of the judgment it is as if no judgment had ever been rendered ; and the certificate of election held by the defendant stands as the only adjudication, and that is that he was duly elected to the office. (*United States* v. *Addison*, 6 Wall., 296; *Auditors of Wayne* v. *Benoit*, 20 Mich., 176.) Thus the case is one in which the public interests, as well as the private interests of the defendant, call for the exercise of the power of the court to compel the relator to withdraw from the office and to give it back to the defendant.

There have been cases in which it has been held inexpedient to award restitution ; they were cases in which a judgment had been reversed and a new trial ordered. They went upon grounds of expediency peculiar to themselves, and did not declare it erroneous to award restitution in cases clearly calling for that action, as does this.

The provisions of the Revised Statutes to compel the delivery of books and papers by a former officer to a successor, or by a usurper to a real officer, do not interfere with the action of an appellate court, in such a case as this.

Nor can we look into the case, to see which way the merits of it incline, as between these two contestants. One is but a claimant ; the other has the adjudication in his favor required by the statutes of the State, equal in dignity and force to those by which almost all the public offices in the

commonwealth are held, exercised and enjoyed; and by virtue of it he did hold and exercise the office. He was the *de facto* officer, with color of title. The *prima facie* force of that adjudication, and actual possession under it, must be yielded to, and effect given to it in favor of the defendant.

The motion should be granted, without costs

All concur.

Ordered accordingly.