JOHN A. DE LEYER, Respondent, *v.* J. GABRIEL BRITT et al., as Commissioners of Election of the City of New York, et al., Appellants.

**Practice — mandamus proceeding not submissible under section 1279 of Code of Civil Procedure.**

A mandamus proceeding is not an action and the Appellate Division has no jurisdiction to direct the issuance of a peremptory writ upon the submission of a controversy under section 1279 of the Code of Civil Procedure.

*De Leyer* v. *Britt*, 157 App. Div. 586, reversed.

(Argued June 8, 1914; decided July 14, 1914.)

APPEAL from an order of the Appellate Division of the Supreme Court in the first judicial department, entered July 11, 1913, directing the issuance of a peremptory writ of mandamus to the defendants, requiring them to prepare and publish a notice of the offices for which candidates will be nominated in September, 1913, at the primaries to be held by the political parties in and for the county of Bronx, and to omit from such notice any reference to the office of justice of the City Court of the city of New York; and to furnish official primary ballots, tally sheets, statements of results and all other election paraphernalia for said primary election in and for the county of Bronx, and in so doing to omit therefrom any reference to the office of justice of the City Court of the city of New York; and to accept and to receive no certificate of nomination for the office of justice of the City Court of the city of New York subscribed or made by electors residing within the county of Bronx.

*Frank L. Polk, Corporation Counsel (Terence Farley* of counsel), for appellants.

*John T. Dooling, Herbert R. Limburg* and *Frederick C. Hunter* for respondent.

*Per Curiam.* The parties to a question in difference may submit it to the court pursuant to section 1279 of the

Code of Civil Procedure if it might be the subject of an action. A mandamus proceeding is not an action, and the Appellate Division, therefore, did not have jurisdiction to direct the issuance of a peremptory writ upon the submission of a controversy pursuant to said section. However, this court has jurisdiction to entertain the appeal. We have examined the question involved because of its public importance and have reached the conclusion that the order should be reversed, with costs, for the reasons stated in the dissenting opinion of INGRAHAM, P. J., below, and because the Appellate Division did not have jurisdiction to make it.

WILLARD BARTLETT, Ch. J., WERNER, HISCOCK, COLLIN, HOGAN, MILLER and CARDOZO, JJ., concur.

Order reversed.