(163 App. Div. 734)

PEOPLE ex rel. MURPHY v. BRITT et al.   (No. 6106.)

(Supreme Court, Appellate Division, First Department. August 26, 1914.)

MANDAMUS (§ 172*)—COMPELLING PUBLICATION OF ELECTION NOTICES—ATTACKING VALIDITY OF ELECTION.

The validity of the election of a justice of the New York City Court at an election at which the electors of the county of Bronx were not permitted to vote, who qualified and is performing the duties of the office, can only be determined in an action brought by the people of the state to test his title to the office, and cannot be attacked in a mandamus proceeding to compel the commissioners of elections and city clerk to publish the notices required by law before the election of 1914, on the theory that a vacancy exists.

[Ed. Note.—For other cases, see Mandamus, Cent. Dig. §§ 381–385; Dec. Dig. § 172.*]

Appeal from Special Term, New York County.

Mandamus by the People, on relation of Owen H. Murphy, against J. Gabriel Britt and others, Commissioners of Elections, and another. From an order of the Special Term denying an application for a peremptory writ, the relator appeals. Affirmed.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, DOWLING, and HOTCHKISS, JJ.

Ellwood M. Rabenold, of New York City, for appellant.
Samuel J. Rosensohn, of New York City, for respondents.

PER CURIAM. The Court of Appeals having decided that the voters of the county of the Bronx are entitled to vote at an election of justice of the City Court (De Leyer v. Britt, 213 N. Y. ——, 106 N. E. 57), and as relator and other electors of the county of the Bronx were not permitted to vote for the candidates for justice of the City Court at the general election held in November, 1913, the relator contends that such election was therefore void, and a vacancy exists in the office of justice of the City Court, and it was the duty of the defendants to publish the notices required by law before the election of 1914, that a justice of the City Court would be elected. This proceeding is brought by an elector of the county of the Bronx, and relator seeks a

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

peremptory writ of mandamus against the defendants, who are the commissioners of elections and the city clerk of the city of New York.

It seems to us quite clear that this question cannot be determined on this application. There was an election for justice of the city court in November, 1913, and at that election William L. Ransom was voted for by the electors of the county of New York and declared duly elected by the board of county canvassers, and since that time he has occupied the position of a justice of the City Court. He is not a party to this proceeding. To determine this question presented would in effect determine that Judge Ransom was not a duly elected justice of the City Court, and that the election at which he was declared elected to that office was void. We think this question could be determined only in an action brought by the people of the state to test the title of Judge Ransom to the office which he holds. This is not a case of a vacancy, when the term of an officer has expired and he continues to hold over, and when an elector seeks to compel the proper officials to order an election for his successor. Here an officer was duly elected, has taken the oath of office, and has performed the duties of the office. His title to the office can only be questioned in an action by the people of the state, to which he is a party. To grant this application, the court must determine that Judge Ransom was not elected and has no title to his office.

The order appealed from must be affirmed, with $10 costs and disbursements.