The judgment of conviction should be reversed and a new trial ordered.

PAGE, J., concurred.

Judgment affirmed.

---

ARTHUR A. HENNING, Appellant, *v.* ALEX A. CAMACHO, Respondent.

First Department, February 21, 1918.

Costs — action in Supreme Court in Bronx county against defendant served in New York county — Code of Civil Procedure, section 3228, as amended, construed — statutes — repeal by implication.

Where a resident of the county of Bronx brings an action in the Supreme Court in said county against a non-resident of the State served in the county of New York to recover a balance of $715 alleged to be due and owing and obtains a judgment for $450, he is entitled to costs under

subdivision 5 of section 3228 of the Code of Civil Procedure, as amended by chapter 80 of the Laws of 1914.

It was the intention of the Legislature by the amendment of 1914 to subdivision 5 of section 3228 of the Code of Civil Procedure to make the right to tax costs in an action brought in the Supreme Court in Bronx county where the recovery was for $50 or more, but less than $500, depend upon whether or not the action might have been brought in the County Court of Bronx county.

When the Legislature made the right to tax costs depend upon whether the action might have been brought in the County Court, it necessarily repealed by implication any statutory provision making such right depend on whether the action might have been brought in the City Court, and intended that if the action could not have been brought in the County Court, costs are recoverable.

APPEAL by the plaintiff, Arthur A. Henning, from an order of the Supreme Court, made at the Bronx Special Term and entered in the office of the clerk of the county of Bronx on the 28th day of November, 1917, denying his motion for a retaxation of costs.

*Arthur A. Henning* of counsel [*Max G. Wildnauer*, attorney], for the appellant.

*Louis Jaykowsky*, for the respondent.

LAUGHLIN, J.:

This action was brought in the month of September, 1916, in the Supreme Court in Bronx county where the plaintiff resided. The defendant was a non-resident of the State but was served in the county of New York. The plaintiff is an attorney and counselor at law and brought the action to recover a balance of $715 alleged to have been due and owing for professional services with interest thereon, together with costs and disbursements. The defendant appeared and joined issue on the allegations of the complaint and interposed a defense to the effect that the agreement on which the action was based was to answer for the debt, default or miscarriage of another and that no note or memorandum was subscribed by him or in his behalf. The plaintiff recovered judgment for $450. The clerk refused to tax costs in favor of the plaintiff and based his refusal on the provisions of subdivision 5 of section 3228 of the Code of Civil Procedure and a decision at Special Term in Bronx county in *Hollander* v. *Kovacs*

(N. Y. L. J., March 17, 1917). The statute creating Bronx county out of part of the former county of New York (Laws of 1912, chap. 548) provided for a County Court in Bronx county but contained a provision (§ 11) to the effect that all acts and parts of acts applicable to the county of New York not inconsistent therewith should continue in full force and effect " as though the name of the said county of Bronx had appeared in said acts and parts of acts." The action is not one specified in either of the first three subdivisions of section 3228 of the Code of Civil Procedure and since the complaint demanded judgment for a sum of money only and the plaintiff recovered $50 or more he was entitled by virtue of subdivision 4 of said section to costs unless he was precluded from so recovering costs by some other statutory provision. At the time Bronx county was created subdivision 5 of said section 3228 provided, among other things, as follows: " In all actions hereafter brought in the Supreme Court, triable in the county of New York, which could have been brought, except for the amount claimed therein, in the City Court of the City of New York, and in which the defendant shall have been served with process within the county of New York, the plaintiff shall recover no costs or disbursements unless he shall recover one thousand dollars or more." (See Laws of 1910, chap. 574.) The further provisions of subdivision 5 of said section at that time related to the taxation of costs in actions in the Supreme Court triable in the counties of Kings and Albany in which there was a recovery of less than $500 and to actions in the Supreme Court triable in the counties of New York and Kings and to actions brought in the City Court of the City of New York or the County Court of Kings county which, but for the amount claimed therein, might have been brought in the Municipal Court of the City of New York and in which the recovery was less than $250. Said subdivision 5 was amended by chapter 80 of the Laws of 1914. By that amendment the 1st sentence of subdivision 5 and the 2d and 3d sentences relating to actions in the counties of Kings and Albany were re-enacted as before; but by that amendment there was substituted for the former provisions relating to actions which but for the amount claimed might have been brought in the Municipal Court the following:

" In all actions hereafter brought in the Supreme Court, triable in the counties of Bronx and Queens, and in which the defendant is a resident of the county where the action is brought, which could have been brought, except for the amount claimed therein, in the County Court of the counties of Bronx and Queens, the plaintiff shall recover no costs or disbursements unless he shall recover five hundred dollars or more. In all actions hereafter brought, triable in the Supreme Court or County Court of a county contained wholly within a city of the first class, or in the City Court of the City of New York, which could have been brought, except for the amount claimed therein, in the Municipal Court of the City of New York, and in which the defendant shall have been served with process within the city of New York, the plaintiff shall recover no costs or disbursements unless he shall recover two hundred and fifty dollars or more." (Re-enacted by Laws of 1916, chap. 50.) The jurisdiction of a County Court in such cases depends on the defendant being a resident of the county (Const. art. 6, § 14), and the jurisdiction of the Municipal Court extends throughout the city. (N. Y. City Mun. Ct. Code [Laws of 1915, chap. 279], §§ 14, 151.) Counsel for the appellant contends that the effect of the amendment of said subdivision 5 of section 3228 was to allow a recovery of costs as provided in subdivision 4 in an action brought in the Supreme Court, Bronx county, unless the defendant was a resident of Bronx county and the action, excepting for the amount claimed, might have been brought in the County Court of that county. Counsel for the respondent contends, as I understand his argument, that since the jurisdiction of the City Court still extends to Bronx county, and the defendant was served in the county of New York, the action might have been brought in the City Court, the plaintiff is precluded from recovering costs by the 1st sentence of subdivision 5. That argument is based on the theory that by virtue of said provision of the act creating Bronx county continuing in force all acts and parts of acts applicable to the county of New York not inconsistent therewith " as though the name of the said county of Bronx had appeared in said acts and parts of acts," the 1st sentence of said subdivision 5 is to be con-

strued as if by express provision it related to actions in the · Supreme Court triable *either* in New York county or Bronx county and as if it expressly provided that it related to actions in which the defendant shall have been served either in New York county or in Bronx county. That, I think, is an unreasonable and unauthorized construction. Assuming that Bronx county is to be read into the 1st sentence of said subdivision 5 the sentence should, I think, still be construed as limited to cases in which the service of process shall be made in the county in which the action is brought for that is the spirit of the statute as originally enacted. It was intended to relate only to cases where the service was made in the county in which the action was brought. If, therefore, Bronx county is to be read into the sentence that intent should be preserved; and in an action brought in the Supreme Court in New York county the right in. this regard to tax costs should depend on whether service was made in New York county, and not in either that or Bronx county, and so in an action brought in Bronx county the right to tax costs should depend on whether service was made in that county and not in either that or New York county. In the case at bar the action was brought in Bronx county and the service was not made in that county but was made in the county of New York and, therefore, I think, the plaintiff was not deprived by the 1st sentence of subdivision 5 of his right to tax costs even if Bronx county was so to be read into it and remained in it when this action was commenced. But any question there may have been with respect to this prior to the amendment enacted in 1914, relating to actions that might have been brought in the County Court of Bronx county, was, I think, set at rest by that amendment. The opinion at Special Term in *Hollander* v. *Kovacs* on which the county clerk relied and which was reported in the New York Law Journal on March 17, 1917, is based on the decision in *DeLeyer* v. *Britt* (212 N. Y. 565) reversing on the dissenting opinion of INGRAHAM, P. J., 157 Appellate Division, 586, which holds that the jurisdiction of the City Court still extends to Bronx county; but that, I think, is not the controlling question in the construction of the statute, for while jurisdiction of the City Court still extends to Bronx county that

county, like all other counties, has a county seat, and whether
or not the construction which I have indicated with respect
to subdivision 5 be the true construction required prior to
the amendment of 1914, it is quite clear that by that amend-
ment the Legislature intended to make the right to tax costs
in an action brought in the Supreme Court in Bronx county
where the recovery was for $50 or more but less than $500
depend on whether or not the action might have been brought
in the County Court of Bronx county. There is no City
Court held or required to be held in Bronx county; but there
is a Municipal Court in every county in the city of New
York. Having set up a separate county it was, I think,
contemplated and intended that the residents of that county
might prosecute their actions without leaving the county, but
in order to avoid congesting the calendar of the Supreme
Court it was intended to deny the right to costs in an action
brought in that court where the recovery was less than $500,
provided the action might have been brought in the County
Court. If that be not so then it is difficult to perceive any
practical change made by that amendment. If before the
amendment costs could not be recovered when the recovery
was less than $1,000 provided the defendant was served *either*
in New York or Bronx county for the reason that the action
might have been brought in the City Court and that remained
the law after the amendment, what substantial change was
made by adding *another* reason why costs could not be
recovered, for that is practically all that was accomplished
by the amendment if Bronx county is still to be read into
the 1st sentence of said subdivision 5. When the defend-
ant resides in Bronx county it would be presumed that
ordinarily he could be served there and, owing to the pro-
visions of the 1st sentence of the subdivision, costs could
not have been taxed unless the recovery was for more than
$1,000. It seems to me that when the Legislature made the
right to tax costs depend on whether the action might have
been brought in the County Court it necessarily repealed by
implication any statutory provision making such right depend
on whether the action might have been brought in the City
Court and intended that if the action could not have been
brought in the County Court, costs are recoverable.

It follows, therefore, that the order should be reversed, with ten dollars costs and disbursements, and motion granted.

CLARKE, P. J., DOWLING, PAGE and SHEARN, JJ., concurred.

Order reversed, with ten dollars costs and disbursements, and motion granted.