In the Matter of the Application of EDWARD M. BROWN, Chairman of the Republican City Committee of the City of Utica, in the County of Oneida and State of New York, Petitioner, Respondent, for a Peremptory Order of Mandamus against ANTHONY V. SISTI, JR., City Clerk of the City of Utica, in the County of Oneida and State of New York, Appellant, and ALBERT AMACHER and LEO J. FILKINS, Commissioners of Election of Oneida County in the State of New York, Comprising the Board of Elections of Said Oneida County, Defendants.*

Fourth Department, December 23, 1936.

* See 160 Misc. 332.

Motions by H. Myron Lewis for leave to intervene and for leave to file brief as *amicus curiæ*.

*Bartle Gorman, Corporation Counsel [George Schiro, Assistant Corporation Counsel*, with him on the brief], for the appellant.

*Edward M. Brown*, for the respondent.

*Leo O. Coupe* and *Earle C. Bastow*, for H. Myron Lewis, appearing as *amicus curiæ*.

Lewis, J.   The appeal is from a peremptory order of mandamus issued August 6, 1936, directing the city clerk of Utica to certify the existence of a vacancy in the office of city judge of that city to be filled at the general election occurring November 3, 1936.   The order also directed the commissioners of election of Oneida county, upon receipt of such certificate, to file the same in the office of the board of elections and forthwith to proceed with those statutory arrangements essential to such election.   At the general election which followed, H. Myron Lewis, the nominee of one of the major parties, received a majority of the votes cast for the office of city judge and thereafter a certificate of election was issued to him.

Meantime, the respondent city clerk, who is now an appellant before us, had made no effort to stay the acts directed by the mandamus order of August 6, 1936; nor had an appeal therefrom to this court been pressed for determination.   However, upon the argument of such appeal — which occurred twenty weeks after the date of the order now sought to be reviewed and seven weeks after the election to which the order relates — we are asked to reverse the peremptory order of mandamus which led to the election of a city judge and to dismiss the petition herein upon grounds which, in effect, challenge the legality of that election.   It is said that no vacancy existed in the office of city judge which legally required an election to that office on November 3, 1936.

The logical result of appellant's argument would seem to call for the voidance of the election which has taken place; it would thus render ineffective the vote of the people and deprive the successful candidate of the office for which the voters have chosen him.   Such a result is a compelling reason why it should not prevail, especially when viewed in the light of the further fact that neither the successful candidate, nor his opponent, is a party to this proceeding.

·The certificate of election, which was issued to the successful candidate, without any effort by appellant to stay such action, gives to him " at least the *prima facie* right to take the office." (*People ex rel. Dailey* v. *Livingston*, 80 N. Y. 66, 69.) If doubt exists whether he is legally entitled to the office to which he has been elected, there is available to those who make such assertion the remedy afforded by quo warranto by which proceeding the title to public office may be tried and determined. (*People ex rel. Lewis* v. *Brush*, 146 N. Y. 60, 63.) It is established law that " if there be a serious question as to the title to the office, it ought not to be decided against the party in possession in a proceeding in which he has no opportunity to be heard." (*People ex rel. Dolan* v. *Lane*, 55 N. Y. 217, 219; *Matter of Gardner*, 68 id. 467, 470; *People ex rel. Wren* v. *Goetting*, 133 id. 569, 570; *Matter of Scott*, 228 id. 566, 569; *Matter of Murphy* v. *Britt*, 163 App. Div. 734, 735; affd. on opinion below, 212 N. Y. 582; *Matter of Carp*, 179 App. Div. 387, 389, 392.)

The appeal should be dismissed as academic.

All concur. Present — SEARS, P. J., EDGCOMB, THOMPSON, CROSBY and LEWIS, JJ.

Motion by petitioner to dismiss appeal for laches denied; application of H. Myron Lewis for leave to intervene denied; motion of H. Myron Lewis for leave to file brief as *amicus curiæ* granted; appeal dismissed as academic; all without costs.