State of Minnesota ex. rel. Biggs v. Churchill.

STATE OF MINNESOTA *ex. rel.* R. A. BIGGS

*vs.*

O. A. CHURCHILL, AUDITOR, &c.

An application for a peremptory writ of mandamus is within the exclusive jurisdiction of the court, and an order denying such writ is appealable.

Under the laws of this state the result of a canvass by a board of county canvassers, is a decision and determination of the election of the persons whom they declare to be elected.

The abstract of the canvass of the votes in the form prescribed in the statute, is the authentic and official evidence of the canvass by the board, by which the county auditor is to be governed in issuing the certificates of election.

Where a certificate of election is issued, and delivered by the auditor to a person declared to be elected to a county office in accordance with the official canvass, regular upon its face, the certificate is conclusive evidence of the right of the person holding it, to the office to which it shows him to have been elected, *except* in a proceeding where this right is directly in issue. To go behind a certificate thus issued, and determine the correctness of the canvass, involves the determination of the right of the holder of the certificate to the office; this cannot be done upon mandamus. *Atherton vs. Sherwood, ante* 22, followed.

The relator, claiming to have been legally elected, at the general election in November, 1869, to the office of treasurer of Morrison county, and that the auditor of said county refused to issue to him a certificate of his election, applied to the district court for that county, upon affidavit, for a peremptory writ of mandamus requiring said auditor to issue to him such certificate. A rule was entered requir-

ing the respondent to appear and show cause why the writ should not issue. On the return day of the rule the respondent appeared and showed cause by affidavit. The court denied the application, and the relator appeals from the order denying the same to this court. The matters contained in the affidavits of the respective parties, so far as they are necessary to an understanding of the points decided are stated in the opinion of the court.

OSCAR TAYLOR and HAYS & KERR for Appellant.

HAMLIN & MOORE for Respondent.

*By the Court.*—McMILLAN, J.—This is an application by the relator to the district court, for a peremptory mandamus, in the first instance, to the respondent, auditor of Morrison county, commanding him to issue to the relator a certificate of election as county treasurer of said county.

The granting of the writ is within the exclusive jurisdiction of the court; the order denying the writ is therefore appealable. *Gen. Stat. Ch.* 80, *Sec.* 13. *Yale vs. Edgerton,* 11 *Minn.* 271.

The affidavit of the relator, upon which his application for the relief demanded is based, after stating, among other things, the organization in due form of the board of canvassers, on the 6th of November, 1869, says, the said board of canvassers "proceeded to open and canvass said returns; that it was then and there found by said canvassers, from said returns of the judges of election of the said several precincts, or places of voting in said county, that there had been votes duly cast at said general election in said county for treasurer of said county, as follows, to-wit:

For R. A. Biggs, one hundred and twenty-five (125) votes.

For Duncan McDougall, forty-three (43) votes.

For E. E. Braun, ten (10) votes.

For D. N. McDougall, sixty-six (66) votes.

For R. A. Biggs, two (2) votes.

For D. McDougall, twenty-eight (28) votes.

and that no other or different returns for treasurer of said county were made by said judges of election, or found by said board of canvassers, at the time and place of said canvass, made as aforesaid : and that the affiant was duly and legally elected treasurer, &c.   But the affidavit does not state that the canvass was completed by the board of canvassers, nor that the relator was declared by the board to be elected, nor is there any statement as to who was declared by the board to be elected treasurer, nor what the result of the canvass was.

The affidavit of the respondent, read on the hearing of the rule to show cause why a peremptory mandamus should not be granted, shows, among other things, that the board of canvassers, at their meeting aforesaid, "did decide and declare that Duncan McDougall, having received the highest number of votes for the office of treasurer of the county of Morrison, aforesaid, was duly elected such treasurer," and that the respondent duly issued to the said Duncan McDougall his certificate of such election, and delivered the same to said McDougall.   Attached to the affidavit as a part of it, is a paper purporting to be a true copy of the votes returned and canvassed by the board of canvassers, filed with the auditor, authenticated in due form, by which it appears, among other things, that the total number of votes received by R. A. Biggs for county treasurer, was 127; the total number of votes received by D. McDougall was 137, and the total

number of votes received by E. E. Braun was 10. The abstract contains also this statement, "There were votes also cast in the returns for D. N. McDougall, and Duncan McDougall, but the board knowing they were intended for the same person, have so canvassed."

The statutory provisions regulating the canvassing of election returns are found in *Ch. 1 of the General Statutes. Sec.* 19 provides, that "The county auditor, and two justices of the peace of his county, by him selected, constitute the county canvassing board, and on or before the tenth day after the election, said board shall proceed to open and publicly canvass the several returns made to the auditor's office."

*Sec.* 21, provides, that "The abstracts of the canvass of votes for * * county treasurer, * * and all such other officers as now are, or hereafter may be provided for in any of the counties or districts of the state, * * shall be made on one sheet, and being certified and signed in the manner required in *section nineteen,* aforesaid, shall be deposited in the said auditor's office."

*Section* 29 provides that "At the close of the canvassing, as provided in *section nineteen,* the board of canvassers shall declare the person having the highest number of votes for any county office, duly elected, subject to an appeal to the district court."

*Section* 30, provides, "That the county auditor shall make out for each county officer elected, * * a certificate of his election, and shall deliver the same to the person entitled thereto, upon demand, without fee."

*Section* 40 is as follows: "No election returns shall be refused by any auditor, for the reason that the same are returned, or delivered to him in any other than the manner directed herein, nor shall the canvassing board of the county refuse to include any returns in their estimate of votes for

any informality in holding any election, or making returns thereof, but all returns shall be received and the votes canvassed by such canvassing board, and included in the abstracts, provided there is a substantial compliance with the provisions of this chapter." These are all the provisions affecting this case, so far as we are able to discern from an examination of the statute.

In all elections for county officers, the return of each precinct in the county is made separately, and filed with the county auditor, but in order to determine who is elected to the county offices, the aggregate vote of each candidate in all the precincts in the county, for the respective offices to be filled, must be ascertained. The statute imposes this duty on the board of county canvassers, consisting of the auditor of the county, and two justices of the peace selected by him. In the discharge of their duties the board of canvassers are to receive all the returns, and canvass and include in their abstract all the votes in such returns, provided there is a substantial compliance with the provisions of chapter one, above referred to, and at the close of such canvass, the board shall declare the person having the highest number of votes for any county office duly elected. The result of the canvass by the board, therefore, is a decision and determination of the election of the person whom they declare to be elected. The abstract of the canvass of the votes, in the form prescribed in the statute, is the authentic and official evidence of the canvass by the board, by which the county auditor is to be governed in issuing the certificate of election. When the certificate of election is issued, and delivered by the auditor to a person declared to be elected to a county office, in accordance with the official canvass, regular upon its face, the certificate is conclusive evidence of the right of the person holding it, to the office

to which it shows him to have been elected, *except* in a proceeding where this right is directly in issue. *Crowell vs. Lambert*, 10 *Minn.*, 369; *Hadley vs. Mayor*, 33 *N. Y.*, 603; *Morgan vs. Quackenbush and others*, 22 *Barb.*, 73.

In the case at bar, it appears from the affidavit and exhibit of the respondent upon the rule to show cause, that the canvass of the votes was duly made; that D. McDougall received the highest number of votes; was duly declared by the board of canvassers to be elected county treasurer, and that the abstract of the canvass of votes was duly filed with the auditor, in pursuance whereof the auditor issued and delivered to said McDougall his certificate of . election.

Under these circumstances, to go behind the certificate, and determine the correctness of the canvass by the board of canvassers, would involve the determination of the right of McDougall to the office of treasurer. This, it has already been determined by this court cannot be done upon mandamus.

"The correct rule seems to be, that mandamus does not lie to try and finally determine the title to an office, except perhaps in a case in which the law has provided no other means of doing so." *Atherton vs. Sherwood*, 15 *Minn.*, *and authorities cited.*

As other, and ample provisions exist for the speedy trial and determination of questions of this character, mandamus will not lie in this case. For this reason, while there may be other objections to the relief sought in this instance, the peremptory mandamus was properly denied. The order appealed from is affirmed.