[Civil No. 187. Filed January 27, 1887.]

[S. C. 12 Pac. 730.]

TERRITORY OF ARIZONA, EX REL. CHARLES E. SHERMAN, Petitioner, v. BOARD OF SUPERVISORS OF MOHAVE COUNTY et al., Respondents.

1. COUNTIES—LOCATION OF COUNTY SEAT—LAWS 1885, ACT No. 22, p. 20 PROVIDING FOR LOCATION BY VOTERS OF COUNTY VALID.—Statute, *supra,* enacts that the county-seat shall be where the voters designate. Such laws have been acquiesced in by the courts and the law makers too long now to question their validity.

2. LOCAL OPTION LAWS—VALIDITY.—The tendency of authority and practice is evidently toward a recognition of their validity. Fence laws, stock laws, liquor laws, in fact a great number of local option laws, have been enacted and sustained by the courts.

3. REMEDIES—ELECTION CONTEST—MANDAMUS NOT PROPER REMEDY.— Mandamus is not a proper remedy to contest an election.

4. MANDAMUS—SCOPE OF—DEFINED BY COMP. LAWS 1877, p. 480, par. 2905.—Our statute seems to have codified the law of this subject. Mandamus may be issued "to compel the performance of an act which the law especially enjoins as a duty resulting from an office, trust, or station, or to compel the admission of a party to the use and enjoyment of a right or office to which he is entitled." Statute, *supra.*

5. ELECTION   CONTEST—ALLEGATIONS REVIEWED AND HELD INSUFFICIENT—QUALIFICATIONS OF VOTERS—NECESSITY FOR REGISTRATION— COMP. LAWS 1877, p. 237, par. 1412 CITED—POLLING PLACE IN IMPROPER PLACE—RETURNS NOT PROPERLY TRANSMITTED—OBJECT OF ELECTIONS—MERE IRREGULARITIES NOT AFFECTING RESULT WILL NOT BE CONSIDERED.—The petition fails to make out a case for a contest of the election. It is alleged that certain persons voted who are not shown to be citizens on the great register. In this territory a person who has declared his intentions to become a citizen is a qualified voter. Statute, *supra.* A qualified voter may vote in any precinct in the county. *Idem, supra.* If the polling place of an election be on an Indian or military reservation, where the place was well known, and no interference with the election be alleged, it cannot invalidate the election. Allegations that the returns were not properly transmitted cannot avail, without allegation that they were tampered with. It is the object of elections to ascertain a free expression of the will of the voters, and no mere irregularity can be considered, unless it be shown that the result has been affected by such irregularity.

MANDAMUS.   Petition denied.

The facts are stated in the opinion.

E. M. Sanford, for Petitioner.

Rush, Wells & Howard, for Respondents.

BARNES, J.—By statute approved February 25, 1885, it was enacted that the qualified voters of Mohave county should, at the next general election, designate by ballot the locality for the county-seat of said county; that at said election any voter might designate upon his ballot a place for such county-seat, and that all such votes should be received, counted, and returned as other votes; and that the place receiving the highest number of votes should be the county-seat. All acts in conflict with that act are hereby repealed.

The petition, on the relation of Charles E. Sherman, alleges that at the last general election votes were cast in Mohave county on the question of the location of the county-seat, and that the board of canvassers canvassed the votes cast, and declared that Kingman had received a majority, and that thereupon the county officers—the sheriff, county judge, and others—removed their offices and the records of the county to Kingman. The petition alleges that many votes were cast by persons not citizens, and therefore not legal voters; that many votes were cast by persons who resided in precincts other than where the votes were cast, and so were illegal votes. Many irregularities in making up, certifying, and in transmitting the returns are alleged. The petition asks for a writ of *mandamus* requiring the board of canvassers to again canvass the returns of said election. It also asks the court to inquire, by issues prepared and sent down to the district court, into the legality of the votes alleged to be illegal, and to purge the returns of said election of all illegal votes and irregularities before the board of canvassers be required to canvass such returns. In short, it is sought by this proceeding to contest this election.

One question we must dispose of at the threshold. It has been urged with great force and ability that the law authorizing the election is invalid, in that it attempts to delegate legislative powers to the voters of Mohave county. The location of a county-seat should be determined by the people of a county. Their interests and convenience should alone be consulted. So, in most of the states, laws have been enacted by which a vote of the people should determine the question.

No case has been cited that decides such laws to be invalid. They have been acquiesced in by courts and the law-makers too long now to question their validity. The case of *Calaveras Co. v. Brockway*, 30 Cal. 326, treats such a law as valid. So do the cases of *State* v. *Stearns*, 11 Neb. 104, 7 N. W. 743; *Boren* v. *Smith*, 47 Ill. 482. It has been held that where the fact of an enactment becoming a law is made to depend upon a popular vote, the law is invalid. *Barto* v. *Lovett*, 8 N. Y. 483, 59 Am. Dec. 506, where a school law made dependent upon the adoption by the people, and *Ex parte Wall*, 48 Cal. 279, 17 Am. Rep. 425, where a prohibitory law made dependent upon adoption by vote, are cases that held such laws to be void.

Much authority may be found *pro* and *con* upon this vexed question, yet the tendency of authority and practice is evidently towards a recognition of their validity. Fence laws, stock laws, liquor laws, in fact a great number of local option laws, have been enacted and sustained by the courts. But the law in this case is not made dependent upon a vote. It enacts that the county-seat shall be where the voters designate, and repeals all laws in conflict therewith. We are compelled to hold that the law is valid.

The next question to be considered is whether *mandamus* is the proper remedy. The purpose of this remedy is to require public officers to perform their official duties when, by inaction or misconduct, they refuse to act. When the duty is purely ministerial, the court may direct how the duty shall be performed. When, however, the officer has any discretion or judicial power, the court can only direct him to act, but not how he shall act. Had the board of canvassers refused to canvass the votes cast at the election on the location of the county-seat, this remedy might have been invoked to require such canvass. Had the county officers failed to remove, the court would have had the power to direct the removal. But the petition shows that the canvassers performed their duty by canvassing the votes, and the officers by removal. The case stands as if a person had been declared elected to an office, and he had been inducted into the office, and this remedy was asked to require him to surrender the office, and the canvassers to reconvene, and again canvass the returns and

declare the result. This cannot be sustained by authority. High, Extr. Rem. § 49. "The rule may now be regarded as established by an overwhelming current of authority that, where an office is already filled by an actual incumbent, exercising the functions of the office *de facto* and under color of right, *mandamus* will not lie to compel the admission of another claimant, nor to determine the disputed question of title." McCrary on Elections is to the same effect (section 317 *et seq*); and see cases cited by both authors; *State* v. *Churchill,* 15 Minn. 455, (Gil. 369); *People* v. *Detroit,* 18 Mich. 338; *Clark* v. *McKenzie,* 7 Bush. 523; *Burke* v. *Monroe Co.,* 4 W. Va. 371; *People* v. *New York,* 3 Johns. Cas. 79. *State* v. *Stearns,* 11 Neb. 104, 7 N. W. Rep. 743, was a case where canvassers were directed to canvass all the returns, and not exclude a part of them. *Glencoe* v. *People,* 78 Ill. 389, is a case where, by *mandamus,* the town officers were directed to call an election required by law. *State* v. *Walker,* 5 S. C. 263, is a case where *mandamus* was held to be a proper remedy to compel a sheriff to keep his office at a county-seat. But no case has been cited which holds that in *mandamus* the court may go behind the certificate of the board of canvassers, and contest the election. Our statute seems to have codified the law of this subject. *Mandamus* may be issued "to compel the performance of an act wihch the law specially enjoins as a duty resulting from an office, trust, or station, or to compel the admission of a party to the use and enjoyment of a right or office to which he is entitled."

But the petition fails to make out a case for a contest of the election. It is alleged that certain persons voted who are not shown to be citizens on the great register. In this territory a person who has declared his intention to become a citizen is a qualified voter. Comp. Laws 1214. By the laws of this territory a qualified voter may vote in any precinct in the county. Comp. Laws 1214. If the polling place of an election be on an Indian or military reservation, where the place was well known, and no interference with the election be alleged, it cannot invalidate the election. True, the election at that place might have been prevented by the officers in charge, but there is no allegation that objection was made. Allegations that the returns were not properly transmitted

cannot avail, without allegation that they were tampered with. It is the object of elections to ascertain a free expression of the will of the voters, and no mere irregularity can be considered, unles it be shown that the result has been affected by such irregularity. McCrary, Elec. 128, and Brightly, Elect. Cas. 448, and cases cited.

For these reasons the petition is denied.

Porter, J., concurs.