## STATE, EX REL. THIEBAUD, *v.* CONNERSVILLE NATURAL GAS COMPANY.

[No. 20,220. Filed June 24, 1904. Rehearing denied November 29, 1904.]

MANDAMUS.—*Natural Gas Company.—Taking Up Pipes.—Injunction.*—Where a complaint in mandamus charges that relator by a written contract with a natural gas company permitted such company to lay pipes over and upon his lands in consideration of such company's agreement to furnish the relator natural gas for domestic use, and asking the court to compel such company "to cease taking up and removing its pipeline on the relator's farm, and to replace any part of the line taken up at the commencement of this suit, and to continue to furnish natural gas to the relator's farm dwelling according to the terms of a written contract granting appellee a right of way for its pipe-line across said farm," such complaint is not sufficient, since mandamus is not the proper remedy to compel such company "to cease taking up and removing its pipes," the proper remedy being injunction. *p. 568.*

SAME.—*Including Too Much Relief in Mandatory Clause.*—Where a relator includes greater relief than he is entitled to in the mandatory clause of

a writ, it renders his petition and writ insufficient as against a demurrer for want of facts or a motion to quash. *p. 568.*

From Fayette Circuit Court; *F. S. Swift*, Judge.

Action by the State, on the relation of Benjamin F. Thiebaud, against the Connersville Natural Gas Company for a writ of mandate. From a judgment for defendant denying the writ, plaintiff appeals. *Affirmed.*

*G. C. Florea, L. L. Broaddus* and *F. H. Gray*, for appellant.

*Reuben Conner*, for appellee.

MONKS, J.—This action was brought by the relator to compel appellee, by writ of mandamus, "to cease taking up and removing its pipe-line on the relator's farm, and to replace any part of the line taken up at the commencement of this suit, and to continue to furnish natural gas to the relator's farm dwelling according to the terms of a written contract granting appellee a right of way for its pipe-line across said farm." The court sustained appellee's motion to quash the alternative writ, and rendered judgment in favor of appellee. It is alleged in the alternative writ that appellee is a corporation organized in 1889 under the laws of this State providing for the organization of manufacturing and mining companies, and the acts amendatory thereof and the acts supplemental thereto, for the purpose, as expressed in its articles of incorporation, of "supplying, producing, and piping natural gas to the citizens of Connersville, Indiana, and to such other persons and parties as may be deemed proper by said company, and for the purpose of constructing natural gas lines from its wells to said city of Connersville, whereby said gas may be utilized for all purposes to which it may be adapted, and to lease, purchase, and acquire natural gas lands and territory and rights of way." It is further alleged that "soon after the organization of said company, it acquired gas lands and leases in Rush county, Indiana, and sank produc-

ing wells thereon; and, for the purpose of constructing a pipe-line to the city of Connersville, acquired from the owners of farms through which said line was to be located certain rights of way, all of which were similar in tenor, and among which was a right of way over" relator's farm, which, omitting the formal parts and the names of grantors, reads as follows: "For the consideration hereinafter set forth, do hereby grant, release, and convey to the Connersville Natural Gas Company, for the purpose of constructing and operating and maintaining natural gas pipe-line, the right of way over, upon, and across the following described real estate in Fayette county, in the State of Indiana, to wit: Sixty-nine and one-half acres off of the west side of the northwest quarter of section number twenty-three, township number fourteen north, range number twelve east, with the right of ingress and egress for the purpose of constructing, operating, and maintaining said pipe-line; to have and to hold said right of way and privilege for the use and purposes above mentioned to the said company, their successors and assigns forever, for and in consideration of which the Connersville Natural Gas Company agrees to furnish natural gas for two stoves from said pipe-line to said grantors to heat his house with fires as long as said pipe-line is in operation; said grantors to defray the cost of piping said gas from said line to his house; the line to be tapped only under the direction of said company. Said gas company agrees to pay all damages to growing wheat in the construction of said pipe-line, and further agrees that said pipe-line shall be laid on said premises thirty inches in depth, and the earth to be refilled in the trenches after laying said pipe-line; and the right is reserved to the grantor to use and enjoy said right of way herein granted for the purposes of tillage, so as not to interfere with said company's pipe-line, subject to the right of said company to maintain and repair its pipe-line, should it become necessary so to do; and in such

event such company agree to pay all damages to growing crops injured or destroyed by such repairs. In witness whereof, said grantors set their hands and seals this 15th day of April, 1890." It is further alleged "that said defendant company also acquired a public franchise for ·the construction and operation of said gas lines and plant in and upon the streets of the city of Connersville, and thereafter, in the year 1900, constructed its said pipe-lines from said wells in Rush county, Indiana, to said city of Connersville, on and over said right of way, including said farm, and commenced and has ever since continued the business of supplying natural gas to the public in the city of Connersville and along its said pipe-line, as a public corporation charged by the law with the duty of furnishing gas upon equal terms and without discrimination to all persons similarly situated; that said gas company at the commencement of its business adopted the rule and policy, in the acquirement of its rights of way, for furnishing gas from its said pipe-line in consideration of the grants of said rights of way, and made uniform contracts for said rights of way on said basis, and has ever since continued to furnish gas to farms, the owners of which granted such rights of way, and is still furnishing gas to such farms under said contracts, except from Tyners Station to the city of Connersville, where relator's farm is located; that at a point one-half mile west of his said farm at Tyners Station there is a public highway leading south, and thence bearing east, passing on and along the south line of relator's farm, and within fifty feet of his farm dwelling-house, to the city of Connersville; that the defendant has recently constructed a new pipe-line from the city of Connersville on and along the south side of said highway in front of relator's farm dwelling to its old pipe-line near Tyners Station, and there connected said new pipe-line with said old pipe-line and has cut off and disconnected said old pipe-line, and turned all of its flow of gas through said new pipe-line, and

away from said old pipe-line, to the city of Connersville, and is ,at this time proceeding to take up and remove said old pipe-line from said connection near Tyners Station to Connersville, and proposes and intends to abandon the use and operation of said part of said old pipe-line from Tyners Station to Connersville, and abandon and refuse to furnish the service of gas to farmers on said part of said pipe-line between said points, including the farm of relator · hereinbefore described; that relator, with the knowledge and consent of the defendant company, and pursuant to the terms of said right of way, has at great expense laid pipes from said company's old pipe-lines to his said farm dwelling-house on the said real estate, and he and his tenants on said land have been using said gas under and in accordance with the terms of said right of way; that the abandonment of said pipe-line which is located on relator's farm, and of the service of said gas thereon, will greatly damage and inconvenience the relator, and decrease the value and rental value of his said farm, which is almost barren of timber; that the right and privilege of using natural gas is of special convenience and value to the relator's farm, which can not be adequately measured in damages, and that relator will be irreparably damaged by the discontinuance of said gas service by the defendant, and has no other adequate remedy for the wrongs herein complained of than in this proceeding; that one purpose, and the principal purpose, of the defendant in abandoning said old pipe-line, and the service of its customers therefrom, is to escape and evade the relator's contract to furnish his said farm with gas, as well as other farms on said pipe-line to be abandoned; that it is not the purpose of the defendant to abandon the operation of a pipe-line from its wells to the city of Connersville, or to retire from its public business; that relator has requested said defendant to furnish said gas service to his farm dwelling from said new pipe-line, but said request was refused; that relator has

likewise requested defendant not to remove said old pipe-line or abandon his service therefrom, which request is refused. Wherefore relator prays that a writ of mandate issue to the defendant, peremptorily requiring the defendant to cease taking up and removing said old pipe-line on his said real estate until final hearing of this cause, and that the defendant be alternatively required to replace and reconnect any part of said old pipe-line to relator's farm dwelling, or show reason why the same should not be done." The alternative order contained in the writ followed the prayer of the petition.

It is evident that mandamus is not the proper remedy to compel appellee "to at once cease taking up and removing the old pipe-line on the real estate of relator, or show cause, if any," etc., as commanded by the mandatory clause of the alternative writ. The remedy, if any, to prevent the taking up of said pipe-line was injunction, and not mandamus. 19 Am. and Eng. Ency. Law (2d ed.), 721; High, Extra. Legal Rem. (3d ed.), §6; Merrill, Mandamus, §43. See, however, *Loy* v. *Madison, etc., Gas Co.* (1901), 156 Ind. 332.

It is a rule well settled in this State that the including in the mandatory clause of an alternative writ of a command for greater relief than relator is entitled to under the allegations of his petition and writ renders the same insufficient as against a demurrer for want of facts or a motion to quash. *State, ex rel.,* v. *Indianapolis Union R. Co.* (1903), 160 Ind. 45-47, 60 L. R. A. 831, and authorities cited; *Applegate* v. *State, ex rel.* (1902), 158 Ind. 119, 123, 124, and authorities cited; *State, ex rel.,* v. *Commercial Ins. Co.* (1902), 158 Ind. 680, 686, 687; *Trant* v. *State, ex rel.* (1895), 140 Ind. 414, 421, and cases cited. No question as to the authority of the trial court to grant leave to amend the alternative writ by striking out the part of the mandatory clause mentioned, or otherwise, is involved in this case.

Other objections are urged against the alternative writ, but the conclusion we have reached renders their determination unnecessary.

It follows that the court did not err in sustaining appellee's motion to quash the alternative writ of mandamus. Judgment affirmed.