No. 26,429.

THE PUBLIC SERVICE COMMISSION OF THE STATE OF KANSAS et al.,
*Plaintiffs*, v. KANSAS GAS AND ELECTRIC COMPANY, *Defendant*.

SYLLABUS BY THE COURT.

1. MANDAMUS—*Nature of Remedy—Injunction Distinguished*. The term mandamus as used in the constitutional provision giving the supreme court original jurisdiction therein applies only to a proceeding brought to compel the performance of an act, and not to one to restrain action. A proceeding asking a judgment requiring a public utility, in obedience to an order of the public service commission, to refrain from extending its operations into certain territory, is essentially injunction and not mandamus, and is not within the original jurisdiction of the supreme court.

2. COURTS — *Appellate Jurisdiction — Declaratory Judgments*. The supreme court can take original jurisdiction under the declaratory judgment act only where the consequential relief to be had if the controversy involved had reached that stage could be obtained through quo warranto, mandamus or habeas corpus.

Original proceeding in mandamus. Opinion filed May 8, 1926. Dismissed.

*C. B. Griffith,* attorney-general, *Roland E. Boynton,* assistant attorney-general, *M. J. Healy, John M. Kinkel* and *Henry V. Gott,* all of Topeka, for the plaintiffs.

*Fred S. Jackson, T. C. Forbes, James E. Smith,* all of Topeka, *Henry L. McCune, Robert B. Caldwell* and *Blatchford Downing,* all of Kansas City, Mo., for the defendant.

The opinion of the court was delivered by

MASON, J.: The Kansas Gas and Electric Company made application to the state public service commission for the approval of the construction of a line for the transmission of electricity upon the highways, a matter subject to regulation by the commission. (R. S. 66-183.) A hearing of the application was enlarged by the consideration of other matters, and as a result of this on January 29, 1925, an order of the commission was made "that the Kansas Gas and Electric Company refrain from in any way interfering with the public service already maintained and established by the Kansas Utilities Company, and from in any way establishing or undertaking to establish and maintain a transmission line in the territory throughout which the Kansas Utilities Company has been authorized by this commission to operate and is now operating, and especially

Courts, 15 C. J. pp. 731 n. 60, 901 n. 9, 1063 n. 29. Mandamus, 38 C. J. pp. 541 n. 11, 545 n. 67, 546 n. 71.

in Allen county, Kansas, until authorized to do so by this commission."

On February 13, 1925, the gas and electric company began an action against the commission in the district court of Shawnee county to enjoin the enforcement of the order, obtaining a temporary restraining order. On April 4, 1925, the commission in the name of the state brought this proceeding in the supreme court seeking by mandamus to require the company to comply with the order. During the oral argument of a motion by the plaintiff for a judgment in its favor upon the pleadings the question was raised whether the proceeding is within the original jurisdiction conferred upon the supreme court by the constitution. It was the desire of both parties that the controversy should be decided upon the merits, but the court considers it necessary to determine first the question of its jurisdiction.

1. The constitution provides:

"The supreme court shall have original jurisdiction in quo warranto, mandamus, and habeas corpus; and such appellate jurisdiction as may be provided by law." (Art. 3, § 3.)

This original jurisdiction cannot be enlarged by statute. (*In re Burnette,* 73 Kan. 609, 617, 85 Pac. 575.) If the present proceeding is not maintainable as one in mandamus as the term is used in the provision quoted the court is without jurisdiction. The legislature may of course devise any procedure it sees fit and give it the name of mandamus, but it cannot by that method or any other vest the supreme court with original jurisdiction save in quo warranto, mandamus or habeas corpus within the meaning of these words as employed in the constitution.

The code in effect defines the writ of mandamus as one issued "to any inferior tribunal, corporation, board or person, to compel the performance of any act which the law specially enjoins as a duty resulting from an office, trust, or station." (R. S. 60-1701.) The language quoted (except that the second "any" was originally "an") is a part of substantially the same definition, contained in the statute at the time the constitution was framed. (Laws 1859, ch. 25, § 580.)

The attitude of the courts upon the question whether mandamus may be used to prevent action has been thus summarized:

"Mandamus is a remedy to compel action, while injunction is a remedy to prevent action, and while there are a limited number of cases in which the rule

is apparently denied altogether, or greatly limited, it is very generally held that mandamus is not the proper remedy where the relator does not ask that defendant be compelled to do an act, but demands on the contrary that he be forbidden to do certain acts, and that mandamus cannot be made to perform the office of an injunction." (38 C. J. 545.)

Notes to this text refer to an apparent conflict in the Maryland decisions and to departures in Pennsylvania and New York from the prevailing view. In Maryland in a case where mandamus was brought to restrain persons from exercising official authority wrongfully claimed under an invalid appointment as building commissioners, the court merely said:

"It is decided by the court below that *mandamus* is the proper remedy, if the appellees had no authority to act in the capacity they have assumed. In this view of the law we entirely concur." (*State, ex rel., Mayor, etc., of Balt. v. Kirkley et al.,* 29 Md. 85, 109 [1868].)

In a recent case this language was used without further discussion or citation of authorities:

"With regard to the first of these contentions it is sufficient to say, that while the purpose of the writ of mandamus is undoubtedly to require the defendant named to do a positive act, and injunction the proper remedy to prevent the doing of that act, yet in previous instances the courts have not always adhered to this distinction, and mandamus has been allowed as a preventive remedy, as well as to require the performance of a definite, specific act, and those decisions have appeared in cases upon which this court has already passed; so that this objection to the writ in the form in which it is now invoked cannot be regarded as any longer an open question in this state." (*Levering v. Supervisors of Elections,* 137 Md. 281, 286 [1920].)

On the other hand these expressions have been used:

"*Mandamus* is a writ commanding the performance of some act or duty therein specified, in the performance of which the applicant for the writ is interested, or by the nonperformance of which he is aggrieved or injured. (*Reg. v. Bishop of Chichester,* 2 Ell. & Ell., 209.) But as simply a preventive remedy it has never been used, so far as we have been able to discover." (*Legg et al. v. Mayor, etc., of Annapolis,* 76 Md. [old No. 42] 203, 226 [1874].)

"The distinction between a writ of *mandamus* and a writ of injunction is that the office of the former is to compel the performance of an act, while the latter is a restraining or preventive remedy." (*Hummelshime v. Hirsch,* 114 Md. 39, 47 [1910], citing and quoting from *Legg v. Annapolis.*)

The New York case cited in the Corpus Juris note holds that mandamus may be used to prevent action in exceptional cases where it is the only remedy available. (*People v. Boyle,* 163 N. Y. Supp. 72.) In the Pennsylvania case cited in the note it was held that the courts might by quo warranto or mandamus try whether a contract

between two corporations was in excess of the power of either, and if so to give proper relief. In the opinion it was said:

"This court has authority to try whether any corporation is exercising franchises or functions not granted to it, and oust it from the exercise of such . . . and it is a matter of no importance to the parties whether this authority is exercised in the common law·or in the equity form, provided the right of trial by jury is not interfered with, as it cannot be in this case." (*Commonwealth v. Delaware & Hudson Canal Co.*, 43 Pa. St. 295, 300.)

None of these cases involved the question whether mandamus may be used to restrain action, in the aspect in which it arises here. Where the question is merely one of orderly procedure, distinctions as to forms of action may well be ignored where no substantial rights will thereby suffer. This court has said, in an action for a mandatory injunction:

"Assuming that mandamus might have been resorted to, we do not regard this fact as presenting any obstacle to the merits of the controversy being determined in the present action. The difference in the procedure lies chiefly in the names given to process issued. Every right of the defendants can be as well protected in an equitable suit as if a special proceeding had been brought." (*Bissey v. City of Marion*, 104 Kan. 311, 314.)

But the question now before us is one of jurisdiction. If the term mandamus, as used in the constitution, applies only to a proceeding to require the performance of an act and not to one to prevent action, this court has no power judicially to pass upon the merits of the plaintiff's application. And the court holds that to be the case. It is true the purpose of the order here sought may be described as being to require the gas and electric company to obey the order of the public service commission, but we are asked to compel such obedience by forbidding the company to extend its operations into certain territory. The difference between commanding and forbidding action is substantial. If the essential quality of a prohibition against a line of conduct could be altered by describing it as a command to refrain therefrom, any injunction against violations of a duty resulting from an office, trust or station could be sought by original proceedings brought in this court under the name of mandamus.

2. The request has been made, if the court shall conclude it is without jurisdiction as the matter now stands, that it render a declaratory judgment passing upon the issues of law presented. A proceeding under the declaratory judgment act (R. S. 60-3127 to 60-3132) can be originally brought in this court only where the con-

troversy on which it is based is of such character that if it had reached a stage warranting consequential relief, the relief could be obtained through an original proceeding in this court—that is, by quo warranto, mandamus or habeas corpus.

The proceeding is dismissed.