Matthias, J.
The first contention made by the respondents is that this action is essentially one for injunction, wherein this court does not have original jurisdiction.
In our opinion, the decision of this question is determinative of the case. The relator avers that “unless restrained by this court, said defendants will continue to make such payments” and asks the court to command “them to cease disbursing from the state insurance fund,” etc. (Italics ours.)
Section 1465-59, General Code, provides that the moneys contributed by the employers named in Section 1465-60, subdivision 1, General Code, those being “the state and each county, city, township, incorporated village and school district therein,” shall constitute and be called the public fund, and that the money contributed by such employers to this fund shall be collected, distributed and Its solvency maintained without regard to or reliance upon the money in the so-called private fund, i. e., composed of contributions made by private employers.
The provisions of Section 1465-64, General Code, upon which, apparently, the application for the writ in this case is based, are as follows:
“It shall be the duty of the Industrial Commission of Ohio to communicate to the General Assembly on the first day of each regular session thereof, an estimate of the aggregate amount of money necessary to be contributed by the state during the two years next ensuing to the public insurance fund.
“In the month of July of each year the Industrial Commission shall certify to the Auditor of State the amount of money necessary to be contributed by the state for the ensuing year and the Auditor of State shall thereupon draw his warrant on the Treasurer of State, in favor of said treasurer, as custodian of the state insurance fund, for said amount.
“In case the General Assembly does not appropriate *306 the amount called for by the estimate made by the Industrial Commission, and the amount appropriated by the General Assembly has been applied by the Industrial Commission for losses incurred through services to the state, no further disbursements for compensation or other benefits for losses sustained in subsequent services to the state shall be made until state funds for that purpose have been made available as provided by law.”
Though denominated an action in mandamus, this is clearly an action in injunction, for the result which the relator seeks to attain is the prevention of what he claims to be the illegal disbursement of the workmen’s compensation fund. Mandamus is defined by Section 12283, General Code, as follows:
“Mandamus is a writ issued, in the name of the state, to an inferior tribunal, a corporation, board, or person, commanding the performance of an act which the law specially enjoins as a duty resulting from an office, trust, or station. ’ ’
There is a substantial difference between commanding and forbidding action. It has been well stated that the important feature of the writ of mandamus which distinguishes it from any other remedial writ is that it is used merely to compel action and to coerce the performance of a pre-existing duty. The functions of an injunction are ordinarily to restrain motion and enforce inaction, while those of mandamus are to set in motion and compel action. 25 Ohio Jurisprudence, 979, Section 6.
In the case of State, ex rel. Juhlman, v. Conners, 122 Ohio St., 355, 171 N. E., 589, this court had for consideration a question quite similar to that now presented. The relief there sought was to prevent the board of trustees of the police relief fund from suspending and revoking the pension of the relator. His removal from the list had not become effective and, as stated in that case, therefore the relief sought was *307 injunctive in character and such as could have been afforded by a court of general jurisdiction. The principle applicable is there clearly stated by the court as follows:
“The writ of mandamus is an extraordinary writ, and will not be issued as a substitute for an existing, adequate, and available remedy in equity or in law, but only where such remedy, in equity or in law, does not exist, is not adequate, or is not available.”
Upon such ground the demurrer was sustained in that case.
The Supreme Court of Kansas had before it a similar question in the case of Public Service Commission of Kansas v. Kansas Gas & Electric Co., 121 Kan., 14, 246 P., 178. The Constitution of that state confers original jurisdiction upon the Supreme Court “in proceedings in quo warranto, mandamus, and habeas corpus; and such appellate jurisdiction as may be provided by law. ’ ’
The court concluded that if the term mandamus be applied only to a proceeding to require the performance of an act and not to one to prevent action, then the court has no power judicially to pass upon the merits of the plaintiff’s application. The court concluded that the action before it was one to prevent and not to compel. In doing so, it stated as follows:
“It is true the purpose of the order here sought may be described as being to require the gas and electric company to obey the order of the Public Service Commission, but we are asked to compel such obedience by forbidding the company to extend its operations into certain territory. The difference between commanding and forbidding action is substantial. If the essential quality of a prohibition against a line of conduct could be altered by describing it as a command to refrain therefrom, any injunction against violations of a duty resulting from an office, trust or station *308 could be sought by original proceedings brought in this court under the name of mandamus.”
The court dismissed the proceeding, holding, as stated in the syllabus :
“The term mandamus as used in the constitutional provision giving the Supreme Court original jurisdiction therein applies only to a proceeding brought to compel the performance of an act, and not to one to restrain action. A proceeding asking a judgment requiring a public utility, in obedience to an order of the Public Service Commission, to refrain from extending its operations into certain territory, is essentially injunction and not mandamus, and is not within the original jurisdiction of the Supreme Court.”
The nature of the writ sought is not to be determined by the label attached thereto by the relator. It is entirely clear that an order “to cease disbursing” is one to restrain action and is in purpose and result an order of injunction which is not within the original jurisdiction of this court conferred by the Constitution. It follows that for the reasons stated the demurrer to the petition must be sustained and, relator not desiring to plead further, the writ is denied.

Writ denied.

Weygandt, C. J., Turner, Williams, Hart, Zimmerman and Bettman, JJ., concur.