No. 39,370

L. C. COLLINS, *Plaintiff*, v. DON YORK, HARLEY SUTTON and M. C. NAFTZGER, as Commissioners in Condemnation, Appointed by the District Court of Sedgwick County, Kansas, in Case No. A-45682 on the Docket of Said Court, and the City of Wichita, Kansas, a Municipal Corporation, Its Officers, Agents and Employees, *Defendants*.

(265 P. 2d 313)

Opinion filed January 6, 1954.

*Kenneth G. Speir*, of Newton, argued the cause, and *Vernon A. Stroberg* and *Herbert H. Sizemore*, both of Newton, were with him on the briefs for the plaintiff.

*Robt. B. Morton,* of Wichita, argued the cause, and *Fred W. Aley, Lawrence E. Curfman* and *Douglas E. Shay,* all of Wichita, were with him on the briefs for the defendants.

The opinion of the court was delivered by

PRICE, J.; This is an original proceeding in mandamus. A brief statement of its factual background, sufficient for our purposes, is as follows:

On June 29, 1953, the City of Wichita, in the exercise of its right of eminent domain, filed a condemnation action in the district court of Sedgwick County for the purpose of acquiring a water-supply pipeline right-of-way in connection with a project for the construction, extension and improvement of the water supply and water works system of the city. Included in the property sought to be condemned was the tract of land now owned by Collins, the plaintiff in this mandamus action. The district court, after finding that the city possessed the right of eminent domain for the purpose sought, made an order appointing three commissioners to view and appraise the right-of-way to be condemned and to file their report with the court. The three commissioners so appointed, together with the City of Wichita, its officers, agents and employees, are the defendants in this mandamus action.

On July 9th Collins (hereinafter referred to as plaintiff) filed a motion in the condemnation proceedings to vacate the order appointing the commissioners on the ground that such order was improvidently and improperly granted, and his motion further asked for a full hearing upon the merits.

Other motions, questioning the right of the city to maintain the condemnation action and seeking to prevent the commissioners from filing their report until the court had rendered a final decision on the merits, were filed, but their contents need not be set out in detail.

While there seems to be some dispute between the parties as to just what the district court has or has not ruled upon with respect to plaintiff's motions in the condemnation action, we will, for our purposes, accept plaintiff's version of the matter to the effect that that court has not yet rendered a final decision on plaintiff's contentions that the city had no right to maintain the condemnation proceeding.

In any event, on November 2nd plaintiff commenced this original action in which he seeks a writ of mandamus directing and commanding the defendant commissioners in the condemnation action

to withhold the filing of their report until a final decision on the merits is made and entered in that proceeding, and a further order directing and requiring defendant City of Wichita, its officers, agents and employees, to suspend all further proceedings in connection with the project.

On the same date this court issued an alternative writ, as prayed for, in the form of an order to show cause.

The case is now before us on the pleadings, consisting of plaintiff's motion and petition for a writ, defendants' answer and motion to quash, and plaintiff's reply.

Briefly stated, plaintiff's position is this: He contends that his original motion filed in the condemnation action in the district court raised the question of the right and authority of the city to maintain that action; that he has not had a final decision on the merits of that question; that the report of the commissioners has been completed and is ready to be filed; that once such report is filed the city would have the right to take over the property condemned and his rights on appeal would be limited to the question of damages only; that he has the right to maintain the action in his individual capacity as an owner of land involved; that this court, through the writ of mandamus, has the power to exercise supervisory control over inferior courts and officers thereof, and that as an incident thereto may issue a stay order to the city; and finally, that unless a writ be issued he will be deprived of his property without due process of law in violation of the Fourteenth Amendment to the Federal Constitution, in that he will not have had his day in court on the merits of the question raised by his motions in the condemnation action.

Defendants contend that the relief sought by plaintiff is purely injunctive in nature, outside the scope of mandamus, and therefore not within this court's original jurisdiction; that plaintiff does not have the legal right and capacity to bring the action, and that the motion and petition for a writ does not state sufficient facts to entitle plaintiff to the relief sought, or any other relief within the original jurisdiction of this court.

If defendants' first contention, with respect to the jurisdictional feature, is to be sustained, the fact would dispose of this lawsuit, and we therefore proceed to a discussion of that question.

In order that there may be no question as to the exact relief sought by plaintiff, we quote from the prayer of his motion and petition:

"WHEREFORE, plaintiff prays:

"(1) For a peremptory Writ of Mandamus directed to and commanding said defendant commissioners in condemnation to withhold the filing of their report in condemnation until a final decision on the merits shall be made and entered in said condemnation proceedings.

"(2) For an Order directed to and requiring the City of Wichita, Kansas, its officers, agents, and employees to suspend further proceedings in connection with contracting, constructing, laying or installing, or maintaining and operating any pipelines or other facilities upon plaintiff's land or any other lands sought to be condemned."

Article 3, § 3, of our constitution provides:

"The supreme court shall have original jurisdiction in proceedings in quo warranto, mandamus, and habeas corpus; . . ." .

G. S. 1949, 60-1701, provides:

"The writ of mandamus may be issued by the supreme court or the district court, or any justice or judge thereof, during term or at chambers, to any inferior tribunal, corporation, board or person, to compel the performance of any act which the law specially enjoins as a duty resulting from an office, trust, or station; . . ."

In *Public Service Commission v. Kansas Gas and Electric Co.,* 121 Kan. 14, 246 Pac. 178, which was an original proceeding in mandamus, the relief sought was a judgment requiring defendant public utility to comply with an order of plaintiff commission which had forbidden the establishment of a transmission line into certain territory. In holding that the relief actually sought was injunctive, rather than in the nature of mandamus, this court held:

"The term mandamus as used in the constitutional provision giving the supreme court original jurisdiction therein applies only to a proceeding brought to compel the performance of an act, and not to one to restrain action. A proceeding asking a judgment requiring a public utility, in obedience to an order of the public service commission, to refrain from extending its operations into certain territory, is essentially injunction and not mandamus, and is not within the original jurisdiction of the supreme court." (Syl. 1.)

The opinion contains an interesting review and discussion of the authorities concerning the distinction between the two remedies, and at page 17 it was said:

"But the question now before us is one of jurisdiction. If the term mandamus, as used in the constitution, applies only to a proceeding to require the performance of an act and not to one to prevent action, this court has no power judicially to pass upon the merits of the plaintiff's application. And the court holds that to be the case. It is true the purpose of the order here sought may be described as being to require the gas and electric company to obey the order of the public service commission, but we are asked to compel such obedi-

ence by forbidding the company to extend its operations into certain territory. The difference between commanding and forbidding action is substantial. If the essential quality of a prohibition against a line of conduct could be altered by describing it as a command to refrain therefrom, any injunction against violations of a duty resulting from an office, trust or station could be sought by original proceedings brought in this court under the name of mandamus." (p. 17.)

In *The State, ex rel., v. Light, Heat & Power Co.*, 109 Kan. 540, 200 Pac. 283, this statement is found:

"It should be observed that mandamus is not ordinarily a proper remedy to compel a corporation to cease doing some given thing. Injunction (of which we have no original jurisdiction) would be the natural kind of action although quo warranto might under certain conditions be invoked." (pp. 544, 545.)

See also 34 Am. Jur., Mandamus, where the rule is thus stated:

"A limitation on the use of mandamus maintained by the general current of authority is that it is employed only as a remedy for inaction on the part of the person to whom it is directed. It is in no sense a preventive remedy, but is prospective merely, its purpose and object being to command performance, not desistance. . . . Injunction, and not mandamus, is the appropriate remedy to prevent threatened or contemplated acts. . . ." (§ 8, p. 813.)

In applying the foregoing rules to the instant case what do we find? While it is quite true the language used seeks an order *directing* and *commanding* the defendant commissioners to withhold the filing of their report, and *directing* and *requiring* the city to suspend further proceedings in connection with the project, until a final decision on the merits in the condemnation action is rendered, it is equally true that what plaintiff *actually* seeks is an order *restraining* and *prohibiting* defendants from doing the specified acts until he has had a decision on the merits. In other words, looking through the form to the substance, plaintiff seeks *injunctive relief*, concerning which this court has no *original* jurisdiction.

In view of this conclusion it is unnecessary to take up and discuss other questions raised by the parties. Holding, as we do, that the relief sought by plaintiff is injunctive, of which this court has no original jurisdiction, we have no alternative than to dismiss the proceeding.

It is so ordered.