**333 P.2d 977**

**Marion R. SMOKER, Petitioner,**

**v.**

**Wesley BOLIN, Secretary of State, State of Arizona, Respondent.**

**No. 6697.**

Supreme Court of Arizona.

Dec. 31, 1958.

Lewis, Roca, Scoville, Beauchamp & Linton, and John P. Frank, Phoenix, for petitioner.

Robert Morrison, Atty. Gen., James H. Green, Jr., Asst. Atty. Gen., for respondent, James E. Flynn, Phoenix, of counsel.

JOHNSON, Justice.

This is an original application filed on July 14, 1958, by Marion R. Smoker, a qualified elector, seeking a writ of man-

damus to command the Secretary of State, hereinafter referred to as respondent, to take no action which would cause the name of William T. Brooks to be listed upon the ballot at the primary election to be held September 9, 1958, as a candidate for the corporation commission.

There were two vacancies on the corporation commission to be filled at the primary election on September 9, 1958; one for a two-year period to finish the unexpired term of the late Mit Sims (Bolin v. Superior Court, 85 Ariz. 131, 333 P.2d 295); and the other for the regular six-year term. The regular term was held by William T. Brooks, and the legality of the nomination petitions he filed to succeed himself is challenged because he did not specify in his nomination petitions which of the two terms he sought.

It was represented to us that time was of the essence and the matters involved were of great public interest, and the notice required by our rules having been waived, a hearing was had on July 15, 1958. The application for the writ was denied by a minute entry order, and we now state our reasons therefor as required by Article 6, Section 2, Constitution of Arizona, A.R.S.

Article 6, Section 4, of the Arizona Constitution, provides that "The Supreme Court shall have original jurisdiction in habeas corpus, and quo warranto and mandamus as to all State officers.

* * *" This same section gives this court the power to issue these and other writs in the exercise of our appellate and revisory jurisdiction, but nowhere does the Arizona Constitution give us original jurisdiction to issue writs other than mandamus, habeas corpus, and quo warranto. If petitioner's requested relief does not come within the purview of one of these writs, namely mandamus, this court has no power to grant it.

Petitioner asks that respondent be commanded "to take no step which will cause the name of William T. Brooks to be listed * * *." In other words, he asks that respondent be *restrained* from causing Brooks' name to be listed on the ballot. This might be done by injunction, which we have no original jurisdiction to issue, but the question is whether mandamus can be used to compel one to do nothing.

A.R.S. § 12–2021 states that

"A writ of mandamus may be issued * * * to *compel*, when there is not a plain, adequate and speedy remedy at law, *performance* of an *act* which the law specially imposes as a duty resulting from an office, trust or station, * * *." (Emphasis supplied.)

This court has said that mandamus will lie only to compel the performance of an act, Hertz Drive-Ur-Self System, Inc., v. Tucson Airport Auth., 81 Ariz. 80, 299 P.2d 1071; Adams v. Bolin, 77 Ariz. 316, 271 P.2d 472; State Board of Technical

Registration v. Bauer, 84 Ariz. 237, 326 P.2d 358, and that the purpose of mandamus is to require public officers to perform their official duties when they refuse to act, Territory ex rel. Sherman v. Board of Supervisors of Mohave Co., 2 Ariz. 248, 12 P. 730.

It has been held many times that the term "mandamus" applies *only* to a proceeding brought to compel the performance of an act, and not to one to restrain action; mandamus is not a substitute for a negative injunction. Collins v. York, 175 Kan. 511, 265 P.2d 313; Public Service Commission of Kansas v. Kansas Gas & Electric Co., 121 Kan. 14, 246 P. 178; Callaghan v. McGown, Tex.Civ.App., 90 S.W. 319, 323; Atlanta Title & Trust Co. v. Tidwell, 173 Ga. 499, 160 S.E. 620, 625, 80 A.L.R. 735; State ex rel. Lyons v. McDowell, 5 Terry 134, 44 Del. 134, 57 A.2d 94; State ex rel. Penn Mut. Life Ins. Co. of Philadelphia v. Hahn, 50 Ohio St. 714, 35 N.E. 1052; State ex rel. Thiebaud v. Connersville Natural Gas Co., 163 Ind. 563, 71 N.E. 483; 38 C.J., Mandamus, § 12, p. 545; 43 C.J.S. Injunctions § 9; 34 Am.Jur., Mandamus, § 8, p. 813.

We hold that a writ of mandamus will not issue to restrain a public official from doing an act; the application for a writ of mandamus was therefore properly dismissed.

UDALL, C. J., and WINDES, PHELPS and STRUCKMEYER, JJ., concur.