**Al LINDSEY, Petitioner,**

**v.**

**John A. DUNCAN, Superintendent of Liquor Licenses and Control, Respondent,**

**Peter-Yee Fai Ming et al., Intervenors.**

**No. 7128.**

Supreme Court of Arizona.

Oct. 28, 1960.

Rehearing Denied Dec. 6, 1960.

Beer, Seaman & Polley, Phoenix, for petitioner.

Wade Church, Atty. Gen., and Leslie C. Hardy, Chief Asst. Atty. Gen., for respondent.

James E. Flynn, James A. Yankee, Neal T. Roberts and Harry A. Stewart, Jr., Phoenix, for intervenors.

LESHER, Justice.

Proceedings on petition to this Court for an original writ of prohibition. Petitioner is owner of an existing license for the sale of liquor in Maricopa County. He seeks to prohibit the respondent, State Superintendent of Liquor Licenses and Controls, from filing and processing, and presumably in some cases granting, applications for additional liquor licenses in Maricopa County. Intervenors are among those whose applications would be affected.

We are met at the outset by the objection of respondent and intervenors that this Court is without jurisdiction in this matter to issue an original writ of prohibition. They base their position upon the language of the Constitution of Arizona, Article VI, Section 4, A.R.S., as follows:

"§ 4. Supreme court; jurisdiction; power to issue writs

"Section 4. The Supreme Court shall have original jurisdiction in habeas corpus, and quo warranto and mandamus as to all State officers. It shall have appellate jurisdiction in all actions and proceedings, but its appellate jurisdiction shall not extend to civil actions at law for recovery of money or personal property where the original amount in controversy, or the value of the property, does not exceed the sum of two hundred dollars, unless the action involves the validity of a tax, impost, assessment, toll, municipal fine, or statute.

"The Supreme Court shall also have power to issue writs of mandamus, review, prohibition, habeas corpus, certiorari and all other writs necessary and proper to the complete exercise of its appellate and revisory jurisdiction.

"The Supreme Court shall have original and exclusive jurisdiction to hear and determine all causes between counties concerning disputed boundaries and surveys thereof or concerning claims of one county against another. Such trials shall be to the court without a jury.

"Each judge of the Supreme Court shall have power to issue writs of habeas corpus to any part of the State upon petition by or on behalf of any person held in actual custody and may make such writs returnable before himself, or before the Supreme Court, or before any superior court of the State or any judge thereof."

Power to issue original writs directed to administrative officers of the State is defined and limited by the first paragraph of the quoted section.

" * * * This same section gives this court the power to issue these and other writs in the exercise of our appellate and revisory jurisdiction, but nowhere does the Arizona Constitution give us original jurisdiction to issue writs other than mandamus, habeas corpus, and quo warranto. If petitioner's requested relief does not come within the purview of one of these writs * * * this court has no power to grant it." Smoker v. Bolin, 85 Ariz. 171, 333 P.2d 977.

Petitioner contends that the writ he seeks is permitted by the second paragraph of Section 4; that is, that it can be issued in the exercise of the court's "revisory and appellate jurisdiction". It cannot. The office of the Superintendent of Liquor Licenses and Controls is not a court or tribunal over which this court has any appellate or revisory powers. The Superintendent is an administrative officer; the processing, issuing and denial of liquor licenses are administrative acts. Him

Poy Lim v. Duncan, 65 Ariz. 370, 181 P.2d 357. He falls within that general class of state officers to whom the three original writs specified in the first paragraph of Section 4—and no other—may issue from this court.

We are aware that an original writ of prohibition issued from this Court to a State administrative officer in City of Phoenix v. Lane, 76 Ariz. 240, 263 P.2d 302. It does not appear that the question of the Court's jurisdiction to do so was raised in that case. To one extent, however, that case may stand as authority for our power to issue such writs, it is expressly overruled.

The petition seeks relief which this Court is without constitutional authority to grant.

The alternative writ is quashed. The petition is denied.

STRUCKMEYER, C. J., and PHELPS and UDALL, JJ., concurring.

BERNSTEIN, Justice (concurring).

I have no serious objection to the majority opinion in so far as it is based on this Court's lack of jurisdiction to issue an original writ of prohibition against the State Superintendent of Liquor Licenses and Controls. While I do not necessarily subscribe to the reasoning of the majority, I believe the result is justified by Article VI, Section 4 of the Arizona Constitution.

In emphasizing that the Superintendent is an "administrative officer" and that "the processing, issuing and denial of liquor licenses are administrative acts," the majority opinion may be interpreted, however, to limit the applicability of the writ of prohibition generally and the power of a Superior Court, in particular, to issue the writ in the circumstances here involved. The majority opinion does not discuss the nature of the duties imposed upon the Superintendent by statute or the objections made herein to the Superintendent's present attempt to issue additional liquor licenses.

Without setting these matters forth, I believe the petition herein properly presents a case for the Superior Court, which is fully empowered to issue original writs of prohibition, to entertain, if not grant, the instant application for prohibition, if such application were made to the Superior Court. Here, the Superintendent is under a duty to consider evidence and apply the law to facts as found, thus exercising a discretion or judgment judicial in nature and performing a function which is quasi-judicial and not merely ministerial.

In particular, the determination by the Superintendent that he has the power to issue additional liquor licenses involves a quasi-judicial activity which may be questioned in a prohibition proceeding. I do not believe that proposition is disputed by the majority, but I consider it important to be affirmed here.