THE STATE OF DELAWARE upon the relation of JAMES A. McKEL-
VEY and LEWIS DICKEY, COMMITTEE FOR LICENSE FOR RURAL
NEW CASTLE COUNTY, vs. JOHN G. TOWNSEND, JR., GOVERNOR
OF THE STATE OF DELAWARE.

MANDAMUS—PERFORMANCE OF OFFICIAL DUTY—APPLICATION—DISMISSAL.

A petition for a rule to show cause why a writ of peremptory mandamus should not issue to compel the Governor to appoint registration officers in accordance with Act of Gen. Assem. April 5, 1917 (29 *Del. Laws, c.* 111), § 2, will be dismissed, where an inspection of the list attached to the petition showed that the Governor had performed his duty under the statute.

(*August* 1, 1917.)

Judges RICE and HEISEL sitting.

*Robert G. Harman* and *Robert H. Richards* for petitioners.
*Daniel J. Layton, Jr.,* and *Caleb E. Burchenal* for respondent.

Superior Court, New Castle County, May Term, 1917.

RULE to show cause, No. 145, May Term, 1917.

Petition and affidavits by James A. McKelvey and Lewis Dickey, Committee, etc., for a rule to show cause why a peremptory writ of mandamus should not issue to John G. Townsend, Jr., Governor of the State. On motion to discharge the rule and dismiss the petition. Granted.

The prayer of the petitioners is that a rule may issue directed to and requiring the Governor to show cause why a peremptory writ of mandamus should not be issued to him, requiring and commanding him to appoint registration officers in accordance with law, and in particular to make an equal division among the lists presented to him as to the registrars, for each of the districts. The rule being awarded, counsel for the respondent waived the issuance thereof and appeared gratis without prejudice. On the day set for the return of the rule, counsel for respondent moved to discharge the rule and dismiss the proceeding for reasons, among others: (1) That the Governor had fully complied with the statute in making the appointments of registration officers; (2) that the writ of mandamus may not issue to coerce or com-

pel the chief executive of the state to perform any act or duty; and (3) that the duty imposed upon the Governor by the statute is not ministerial, but political, governmental and discretionary.

After the essential formal parts of the petition, it is averred therein, in substance, that on, etc., the petitioners had presented to the Governor in accordance with *Section* 2, *Chapter* 111, *Volume* 29, *Laws of Delaware*, a list of names of three persons for each of the offices of registrar, assistant registrar and alternate registrar for every election district in New Castle County, outside of the City of Wilmington; that said persons were voters and residents in the election districts for which they were recommended for appointment, and were in every respect qualified in law for said offices; that the Governor subsequently made appointments for said offices, but in the entire thirty-four election districts in the ten representative districts. he did not give the petitioners, representing the committee for license a single registrar, though requested and demanded to make them as nearly equal as possible; that as a result of the appointments made the forces against license will on election day have a majority of one of the election officers in every one of the said election districts; that the law requires that the appointments "shall be divided as nearly as possible equally between the lists submitted for each representative district," which has not been followed as to the registrars. (Copies of the lists furnished, and of the appointments made, as well as a list showing the division made by the Governor were annexed as exhibits.)

It was considered by the Superior Court that the questions of law arising in the case ought to be heard by the Court in Banc, and, on the joint application of the parties, the court directed that the case be so heard, it being agreed at the same time that the judgment of the Superior Court entered in pursuance of the opinion of the Court in Banc shall be final.

Argued in the Court in Banc before Pennewill, C. J., and Boyce, Conrad, Rice, and Heisel, Associate Judges.

In the argument on the motion, to discharge the rule counsel

for the respondent insisted, in part, that the appointments of the registration officers which the Governor was required to make had been made and equally divided by him as nearly as possible between the lists submitted for each representative district as appears by an inspection of the list of appointments made; that the law requires that three registration officers, and not the registrars, for each election district shall be equally divided as nearly as possible between each representative district.

That the weight of authority is that the courts have no power to coerce or compel the Governor to perform any act or duty whether such act or duty is strictly ministerial, or otherwise. *State v. Drew*, 17 *Fla.* 67; *People v. Bissell*, 19 *Ill.* 229, 68 *Am. Dec.* 591; *People v. Dunne*, 258 *Ill.* 441, 101 *N. E.* 560, 45 *L. R. A.* (*N. S.*) 500; *State v. Warmoth*, 22 *La. Ann.* 1, 2 *Am. Rep.* 712; *State v. Warmoth*, 24 *La. Ann.* 351, 13 *Am. Rep.* 126; *In re Dennett*, 32 *Me.* 508, 54 *Am. Dec.* 602; *Rice v. Austin*, 19 *Minn.* 103 (*Gil.* 74), 18 *Am. Rep.* 330; *People v. Governor*, 29 *Mich.* 320, 18 *Am. Rep.* 89; *Hawkins v. Governor*, 1 *Ark.* 570, 33 *Am. Dec.* 346; *Board of Directors v. Wolfly*, 3 *Ariz.* 132, 22 *Pac.* 383; 8 *L. R. A.* 188; *Vicksburg, etc., R. Co. v. Lowry*, 61 *Miss.* 102, 48 *Am. Rep.* 76; *Jonesboro Turnpike Co. v. Brown*, 8 *Baxt.* (*Tenn.*) 490, 35 *Am. Rep.* 713; *Bates v. Taylor*, 87 *Tenn.* 319, 11 *S. W.* 256, 3 *L. R. A.* 316; *Mauran v. Smith*, 8 *R. I.* 192, 5 *Am. Rep.* 564; *State v. Fletcher*, 39 *Mo.* 388; *Huidekoper v. Hadley*, 177 *Fed.* 1, 100. *C. C. A.* 395, 40 *L. R. A.* (*N. S.*) 505; *State v. Cruce et al.*, 31 *Okl.* 486, 122 *Pac.* 237; *Merritt v. Kraft*, 71 *Misc. Rep.* 492, 129 *N. Y. Supp.* 636; *People v. Morton*, 156 *N. Y.* 136, 50 *N. E.* 791, 41 *L. R. A.* 231, 66 *Am. St. Rep.* 547; *Hovey v. State*, 127 *Ind.* 588, 27 *N. E.* 175, 11 *L. R. A.* 763, 22 *Am. St. Rep.* 663; *State v. Dike*, 20 *Minn.* 363 (*Gil.* 314); *State v. Dinkins*, 77 *Miss.* 874, 27 *South.* 832; *State v. Stone*, 120 *Mo.* 428, 25 *S. W.* 376, 23 *L. R. A.* 194, 41 *Am. St. Rep.* 705; *Gledhill v. State*, 25 *N. J. Law*, 331; *Hartranft's Appeal*, 85 *Pa.* 433, 27 *Am. Rep.* 667; *Woods v. Sheldon*, 9 *S. D.* 392, 69 *N. W.* 606; *State v. Frazier*, 114 *Tenn.* 516, 86 *S. W.* 319; *Houston R. Co. v. Randolph*, 24 *Tex.* 317; *State v. Rusk*, 55 *Wis.* 465, 13 *N. W.* 452; *Ky. v. Dennison*, 24 *How.* 66; 16 *L. Ed.* 717; *Rice v. Governor*, 207 *Mass.* 577, 93 *N. E.* 821, 32 *L. R. A.* (*N. S.*;)

355; *People v. Cullom*, 100 *Ill.* 472; *People v. Yates*, 40 *Ill.* 126. *People v. Dubois*, 33 *Ill.* 9; *State v. Kirkwood*, 14 *Iowa*, 162; *Commonwealth v. Wickersham*, 66 *Pa.* 134; *Teat v. McGaughey*, 85 *Tex.* 478, 22 *S. W.* 302; *Oklahoma City v. Haskell*, 27 *Okl.* 522, 112 *Pac.* 992; *State v. Huston*, 27 *Okl.* 606, 113 *Pac.* 190, 34 *L. R. A.* (*N. S.*) 380. See also note to 33 *Am. Dec.* 346; note in 6 *L. R. A.* (*N. S.*) 750; *Merrill on Mandamus*, §§ 91 to 94; 2 *Bailey, Habeas Corpus*, 932; 26 *Cyc.* 229; *Cooley's Cons. Lim.*, note on page 162; 6 *A. & E.* (*2d Ed.*) 1015.

There is authority holding that the Governor may be compelled to perform a duty strictly ministerial. *Tenn., etc., Co. v. Moore*, 36 *Ala.* 371; *Middleton v. Low*, 30 *Cal.* 596; *Harpending v. Haight*, 39 *Cal.* 189, 2 *Am. Rep.* 432; *Greenwood Co. v. Routt*, 17 *Colo.* 156, 28 *Pac.* 1125, 15 *L. R. A.* 369, 31 *Am. St. Rep.* 284; *Martin v. Ingham*, 38 *Kan.* 641, 17 *Pac.* 162; *Traynor v. Beckham*, 116 *Ky.* 13, 74 *S. W.* 1105, 76 *S. W.* 844, 3 *Ann. Cas.* 388; *Groome v. Gwinn*, 43 *Md.* 572; *Chumasero v. Potts*, 2 *Mont.* 242; *State v. Smith*, 23 *Mont.* 44, 57 *Pac.* 449; *State v. Savage*, 64 *Neb.* 684, 90 *N. W.* 898, 91 *N. W.* 557; *State v. Blaisdell*, 4 *Nev.* 241; *Cotten v. Ellis*, 52 *N. C.* 545; *State v. Chase*, 5 *Ohio St.* 528; *State v. Nash*, 66 *Ohio St.* 612, 64 *N. E.* 558; *State v. Brooks*, 14 *Wyo.* 393, 84 *Pac.* 488, 6 *L. R. A.* (*N. S.*) 750, 7 *Ann. Cas.* 1108.

But it is settled that the executive cannot be compelled by mandamus to perform acts concerning which he is vested with a discretion. 6 *A. & E.* (*2d Ed.*) 1013; 2 *Bailey, Habeas Corpus*, 227; 26 *Cyc.* 158.

The question here is whether or not the duty of choosing registration officers, as nearly equal as possible, from the lists submitted, is a ministerial duty. What are ministerial duties? See note, 33 *Am. Dec.* 362; *Pennington v. Streight*, 54 *Ind.* 376; *State v. Johnson*, 4 *Wall.* 475, 18. *L. Ed.* 437; A ministerial duty is one in respect to which nothing is left to discretion. *Sullivan v. Shanklin*, 63 *Cal.* 247; *Rains v. Simpson*, 50 *Tex.* 495, 32 *Am. Rep.* 609; *State v. Brooks*, 14 *Wyo.* 393, 84 *Pac.* 490, 6 *L. R. A.* (*N. S.*) 750, 7 *Ann. Cas.* 1108. See 26 *Cyc.* 160; 6 *A. & E. Ency. of Law* (*2d Ed.*) 1016.

All courts agree that mandamus will not lie against a Governor to compel the exercise of governmental, political or discretionary powers. *Traynor v. Beckham*, 116 *Ky.* 13, 74 *S. W.* 1107, 76 *S. W.* 844, 3 *Ann. Cas.* 388.

Counsel for the petitioners, in reply, urged that the Governor did not appoint the registration officers in accordance with the statute; that he should have given the committees for and against license respectively each one-half of the registrars, and one-half of the assistant registrars, and one-half of the alternate registrars, for the reason that on election day each registrar becomes an inspector of election and the two assistant registrars drop out, and the law requires that each committee having charge of the campaign for and against license shall each name a judge of election. So that as the Governor gave the anti-license forces all of the registrars, they will, on the day of election, have a majority of the election officers in every one of the thirty-four election districts of rural New Castle County. This is not an equal division, and there has been a failure to comply with the statute. The rule, therefore, should not be discharged. Mandamus will lie to the Governor in this case to compel compliance with the statute.

That the general rules and principles applicable to the issuance of the writ of mandamus apply where the application is for the writ addressed to a public officer; that the writ will issue to the chief executive of the state to compel the performance of ministerial duties which by special act or otherwise it is his plain duty to perform. *State v. Department of Elections*, 5 *Boyce* (28 *Del.*) 213, 91 *Atl.* 993. Recognizing the three departments of government, as well as the theory that they are independent of each other, yet it is not the office of the person to whom the writ is directed, but the nature of the thing to be done by which the propriety of issuing the writ is to be determined.

That with respect to the appointment of the registration officers which the Governor is required to make under the act, and particularly with respect to the equal division thereof, he is to be regarded as to such duty, not as the executive, but as a merely ministerial officer, and the writ will lie to him to compel the performance of such duty. 2 *Bailey on Juris*, § 647.

PENNEWILL, C. J., delivering the opinion of the court:

The court are of the opinion that the petition for a rule to show cause why a writ of peremptory mandamus shall not issue in the above stated case to compel the Governor to appoint the registration officers in New Castle County, outside of Wilmington, in accordance with the law should be dismissed, because it appears from an inspection of the petition that the Governor has performed this duty in compliance with the statute.

The act requires that the registration officers shall be appointed from lists of names furnished by the committees, and that they shall be divided as nearly as possible equally between the lists submitted, for each representative district. It does not require that the registrars shall be equally divided, but that the three officers appointed in each election district shall be so divided in each representative district.

Upon examination of the appointments made, we find that a more equal division of such officers could not have been made in each representative district, as appears from the list attached to the petition.

It so happens that in the act under consideration the registrars are made inspectors of the election, and this will result in giving the party opposed to license a majority of the election officers in every district. This may be unfortunate, and we think it is, but the registrars are made inspectors by the statute and not by the Governor. He was authorized and directed to appoint the registration officers, including of course the registrars, and so far as we are advised, or can discover, he has complied with the terms of the act in making such appointments. This would not have been questioned, we think, if the law had not made the registrars inspectors of election; but that circumstance cannot affect the legality of the act the Governor was required to perform.

The court express no opinion upon any question raised in the case except the one herein mentioned.

The opinion was certified to the Superior Court, whereupon the motion to discharge the rule and dismiss the petition was granted.