THE STATE OF DELAWARE, upon the relation of Warren W. Buckingham, v. COLONEL C. HOPKINS, C. DOUGLAS APPLEBY, ALLEN R. CRUCHLEY and PURNAL McWHORTER, JR.

*(June 21, 1943.)*

TERRY, J., sitting.

*P. Warren Green* and *Harry K. Hoch* for the relator.

*Howard E. Lynch, Jr.,* and *William H. Foulk* for the respondents.

Superior Court for New Castle County, No. 113, March Term, 1943.

TERRY, J.:

At the March Term Warren W. Buckingham, the relator herein, presented his petition praying that a peremptory writ of mandamus may issue out of this Court directed to Colonel C. Hopkins, C. Douglas Appleby, Allen R. Cruchley, and Purnal McWhorter, Jr., commanding each of them to forthwith permit, restore, and grant unto the relator the exercise of every power, privilege, right, duty, and authority which belongs to him as Mayor of "The Mayor and Council of Middletown," according to the charter provisions, ordinances, and resolutions of said municipal corporation.

The essential averments forming the basis of the relator's prayer are as follows:

The relator is a citizen of Delaware, and has been for more than eight years past a resident and freeholder of the Town of Middletown, St. Georges Hundred, New Castle

County; that at the annual general municipal election in the Town of Middletown on the first Monday in March, 1943, pursuant to the provisions of an act to reincorporate the Town of Middletown, the relator was duly elected to the office of Mayor of the muncipal corporation for the term of two years immediately ensuing; that the election was held by an Inspector and two Judges who had been duly appointed as Election Officers by the Council of said corporation pursuant to the provisions of the charter thereof; that upon the close of the election the votes were counted, and the relator received the highest number of votes cast for the Office of Mayor; that the Judges of Election, therefore, declared the relator duly elected to said office, and immediately thereafter the Election Officers, in accordance with the provisions of the charter, did enter in a book provided for that purpose a minute of such election; that a regular meeting of Council was held after said election, to-wit, on the first day of March, 1943, at which time the relator took his oath of office as Mayor, and immediately entered upon the performance of his duties as such by occupying the Mayor's chair in the Council's room, and, as Mayor, presided over the then convened meeting of Council; that he was recognized as Mayor and presiding Officer of Council by the members of Council, being the respondents herein, as well as by the citizens of the said municipality; that on March 5, 1943, the respondents, constituting the full membership of Council, held a meeting of Council in the Council Chamber without first giving due notice to the relator, and at said meeting resolutions were adopted which were not and have not been submitted to the relator as Mayor for his approval or disapproval as provided by the charter of said corporation; that immediately upon learning of said meeting the relator went to the Council Chamber and demanded of the respondents sitting as Council that they recognize him as Mayor and permit him to perform the duties of said office; that on March 9, 1943, the respondents, viz, Appleby, Hopkins, and Cruchley personally ap-

peared at the Delaware Trust Company, a depository for the funds of said corporation, and informed the Officers thereof that they were from that date forward to honor checks or warrants drawn against the funds of said corporation signed by a person other than the relator as Mayor of said corporation; that on March 13, 1943, the relator appeared in Council Room and demanded the seal of the corporation, access to the safe, records and papers of the corporation, and the use of the corporation's premises, in order that the relator might perform his duties as Mayor; that all of the aforesaid requests were refused by the Clerk of the corporation acting under the direction of the respondents; that in addition to the above recited averments the respondents in other various ways are preventing, hindering, obstructing, and refusing to permit the relator from performing the duties of the Office of Mayor, in accordance with the provisions of the charter of said corporation.

An answer was filed which was subscribed to by all of the respondents—the substance of which is as follows:

They admit that an annual general election was held on the first Monday in March, 1943, pursuant to the provisions of the municipal charter; however, they deny that the relator, even though he was a candidate and received the greatest number of votes for Office of Mayor, was legally elected to said office. They aver that the certification of the Election Officers setting forth the relator's election was in law a nullity as of the date the relator became a candidate for the Office of Mayor, and at the time of election he occupied the Office of a Justice of the Peace of the State of Delaware, and, as a consequence, was disqualified from becoming a candidate for the Office of Mayor of said corporation, such being an "elective office" under *Chapter* 220, *Volume* 43, *Laws of Delaware.* They further aver that on March 5, 1943, they, acting in the name of Council for the corporation, did adopt a resolution declaring the Office of Mayor vacant, and then

did elect Lewis Levison to the Office of Mayor to serve until the next general election by reason of authority vested in them by the charter of said corporation, and, further, that they directed a letter to the Delaware Trust Company, which was acting as depository for the funds of the corporation, wherein a copy of said resolution was enclosed.

The relator filed a written motion to quash the answer, and in support thereof advanced the following contentions:

a. That the relator's certificate of election is prima facie evidence of the legality thereof, and that this Court cannot go behind the certificate in this proceeding and inquire into the eligibility of the relator as a candidate.

b. That it is immaterial in this proceeding whether or not the relator was eligible or ineligible to become a candidate for the Office of Mayor, or whether or not he was duly elected to the office, as to determine either issue would be to try the title.

c. That, if the Court concludes, it can inquire into the facts surrounding the candidacy of the relator; he contends that *Chapter* 220, *Volume* 43, *Laws of Delaware* is unconstitutional and of no force and effect.

The questions immediately presented are obvious: first, what effect is to be given to the certificate of election; second, should I go behind the certificate and inquire into the relator's eligibility for office?

The respondents contend that the relator's candidacy for office was in direct violation of Chapter 220, aforesaid, and, as such, his certificate of election is a nullity; that it is my duty to go behind the certificate and determine whether or not the relator possesses a legal right to be enforced; that the averments set forth in the answers are proper, and that the motion to quash admits the correctness thereof, and to grant the relief sought would be to lend the aid of this Court

in direct violation of Chapter 220. Further, that, since the office is full of a de facto officer, mandamus will not lie.

The great weight of authority is to the effect that a certificate of election is prima facie evidence of title, and the holder thereof, if he has duly qualified subsequent to the election, is prima facie the officer de jure, and, as such, entitled to the temporary fruits of his victory until such time as his title shall be inquired into and decreed otherwise in an appropriate action in the nature of a quo warranto. *Petersen v. Morse*, 48 *Cal. App.* 428, 192 P. 51; *State v. Haskell*, 72 *Fla.* 176, 72 *So.* 651; *Pritchard v. McBride*, 28 *Idaho* 346, 154 P. 624; *Couch v. State*, 169 *Ind.* 269, 82 N. E. 457, 124 *Am. St. Rep.* 221; *State v. Sherwood*, 15 *Minn.* 221, 222, 15 *Gil.* 172, 2 *Am. Rep.* 116; *People v. Britt*, 163 *App. Div.* 734, 149 *N. Y. S.* 79; *Stevens v. Carter*, 27 *Or.* 553, 40 P. 1074, 31 *L. R. A.* 342; *People v. Head*, 25 *Ill.* 325; *State v. Oates*, 86 *Wis.* 634, 57 N. W. 296, 39 *Am. St. Rep.* 912; *State v. Kipp*, 10 *S. D.* 495, 74 *N. W.* 440.

The rule is predicated upon the theory that the administration of public affairs in a State, a County, or in a municipality should at all times be conducted in an orderly fashion. The will of the electors as expressed at the polls should be upheld within the prescribed limits of the law. Often times the business affairs of a municipality necessitate that there should be some expeditious remedy for or method of putting every office in the possession of the person who is prima facie entitled to it without having to wait for the determination of the ultimate right to such office. The remedy in mandamus is such a method, and it has been used for this purpose from the earliest times.

The respondents contend that a legal right must be shown in the relator, and that a determination of his right, if any, requires a search behind the certificate of election. The answer to this contention is to say that the right springs from the certificate itself, which is prima facie evi-

dence of the legality of the election and no further or added right need be shown. The respondents further contend that, since mandamus is in the nature of an equitable proceeding, I should not follow the rule as stated; rather, I should now determine once and for all the title of the relator to his office. The answer to this question is evident: mandamus will not lie to try and finally determine the title to an office, except, perhaps, in a case in which the law has provided no other means of doing so.

It seems to me that the respondents have failed to recognize the distinction to be drawn between cases where the certificate of election has been issued and cases where the certificate of election has not been issued. In the cases where the certificate of election has not been issued and a writ is requested compelling the election officers so to do, the Courts universally hold that an inquiry should be made in order to determine the relator's legal right to the remedy sought. However, such an inquiry is by no means a conclusive determination of title, and will not extend beyond that which is absolutely necessary to determine the relator's legal right.

I shall now proceed to determine the question as to whether or not the relator's motion to quash the answer should be sustained. A motion to quash as here presented is equivalent to a demurrer, and admits the truth of all averments well pleaded and all fair and pertinent inferences of fact not inconsistent with or repugnant to such averments of fact or circumstances, but does not admit conclusions of law; only such matters as appear on the face of the answer can be considered. Such a motion in effect is a motion for judgment on the pleadings. It challenges the sufficiency of the answer, and presents the same questions as on a demurrer.

I am of the opinion that I should not go behind the certificate of election and inquire into the eligibility or in-

eligibility, qualification or disqualification, if any, of the relator, and this must be borne in mind when the answer as filed is considered. Now the answer is in the nature of a confession and avoidance, in that the respondents admit that a legal election was held for the office of Mayor; that at said election the relator received the greater number of votes; that the election was canvassed by the proper election officers; that the relator was declared elected Mayor, and that a certification of his election was recorded in the books of the corporation; that he took his oath of office and presided over a meeting of Council as Mayor. However, the respondents say in their answer that the relator was not duly elected because he was a duly appointed Justice of the Peace of the State of Delaware and was discharging the duties of that office as of the date he became a candidate for the office of Mayor, and as of the date of his election, in violation of *Chapter* 220, *Volume* 43, *Laws of Delaware;* and that further the respondents acting in the name of Council did pass upon the relator's eligibility for the office of Mayor, found him to be ineligible, declared a vacancy in said office, and elected another to said office until the next general election.

The answer bespeaks a direct application for a contest concerning the relator's title. It sets up in no uncertain terms the ineligibility of the relator to be a candidate for the office and his election thereto. Under the circumstances of this case the ineligibility of the relator as contended by the respondents cannot be shown. I cannot inquire into the title of Lewis Levison, the person appointed Mayor by the Council, for two reasons: First, he is not a party to this proceeding; second, a determination of his title would necessitate going behind the certificate of election and first determining the title of the relator. The motion to quash is sustained.

The respondents are hereby given until the fifth day of July, 1943, to file an amended or further answer, and, in

the event an amended or further answer is not filed as of the date, it is my opinion that the averments as set forth in the relator's petition are sufficient for the granting of the prayer therein, and a writ will issue in accordance.

 In conclusion I might say that under the majority rule the issuance of the writ in a case such as before me does not determine the ultimate right to possession. It merely grants the right to the holder of a certificate of election who has since duly qualified under the law, and I might further add that in a proper action in the nature of a quo warranto the temporary title to the office of Mayor that I have herein vested in the relator, subject to the filing of a further answer by the respondents, might prove to be an idle gesture, or, in other words, a useless thing. Be that as it may, the conclusion reached exemplifies fairness and justice under the circumstances as here presented, if the administrative functions of the municipality are to operate in an orderly fashion.