THE STATE OF DELAWARE, upon the relation of John Henry Lyons, v. HARRIS B. McDOWELL, JR., State Chairman of the Democratic Party of the State of Delaware, EARLE D. WILLEY, State Chairman of the Republican Party of the State of Delaware, and WALTER W. BACON, Governor of the State of Delaware.

(*June* 24, 1947.)

RICHARDS, C. J., TERRY and PEARSON, J. J., sitting.

*Percy Warren Green* and *Joseph A. L. Errigo* for the Relator.

*Daniel F. Wolcott* for Harris B. McDowell, Jr., one of the Respondents.

*Clair John Killoran* for Earle D. Willey, one of the Respondents.

*Albert W. James,* Attorney-General of the State of Delaware, on behalf of Hon. Walter W. Bacon, Governor of the State of Delaware, one of the Respondents.

Superior Court for New Castle County, No. 141, March Term, 1947.

RICHARDS, C. J.:

The relator, John Henry Lyons, a resident of New Castle County, Delaware, filed his petition for a peremptory writ of mandamus praying that the respondents, Harris B. McDowell, Jr., State Chairman of the Democratic Party of the State of Delaware, and Earl D. Willey, State Chairman of the Republican Party of the State of Delaware, be directed to refrain from and not to nominate, and to refrain from and not to forward or certify nominations made by them to the Governor of the State of Delaware, for appointment as members of the Department of Elections for New Castle County as provided by an Act of the General Assembly approved April 4, 1947, 46 Del. Laws, c. 182; and further praying that the Honorable Walter W. Bacon, Governor of the State of Delaware, be directed and ordered not to appoint the persons nominated as members of the Department of Elections for New Castle County by the said Harris B. McDowell, Jr., State Chairman of the Democratic Party of the State of Delaware, and Earle D. Willey, State Chairman of the Republican Party of the State of Delaware, or to issue commissions of office as members of the Department of Elections for New Castle County to any and all of the persons so nominated and certified to him.

In 1939, the General Assembly of this State passed an Act entitled "An Act to Amend Chapter 57 of the Revised Code of The State of Delaware, 1935, Entitled 'Department Of Elections For The City Of Wilmington' By Providing For The Establishment Of A Department Of Elections For New Castle County". 42 Delaware Laws, Chapter 115.

The Act established a department of elections for New Castle County consisting of nine members, the original members thereof being named therein to serve for the periods designated. Upon the expiration of their terms it provided for their successors to be appointed by the Governor for a

term of six years. The relator was appointed by the Governor under the provisions of said Act.

The General Assembly which convened in 1947, passed a further amendment to Chapter 57 of the Code of 1935, by an Act entitled "An Act to Amend Chapter 57 of The Revised Code of The State of Delaware, 1935, As Amended, Entitled, 'Department of Elections For New Castle County.'" This amendment last referred to repeals the former Act and provides for a department of elections for New Castle County to consist of eleven members. It further provides that said eleven members shall be appointed on the fifteenth day of April, 1947, and every four years thereafter, five of whom are to be nominated by the State Chairman of one of the two leading political parties; five of whom are to be nominated by the State Chairman of the other of the two leading political parties; and one of whom is to be nominated by the Governor. All of said eleven members whose nominations are thus provided for are to be appointed by the Governor.

By virtue of the authority conferred by this Act five members were duly nominated by Harris B. McDowell, Jr., Chairman of the Democratic Party of the State of Delaware, one of the respondents, and five members were duly nominated by Earl D. Willey, Chairman of the Republican Party of the State of Delaware, one of the respondents.

The reasons assigned by the relator for issuing the peremptory writ of mandamus are:

That the Act is unconstitutional and void in that the subject of the Act is not clearly expressed in the title, as required by Section 16 of Article Two of the Constitution of the State of Delaware;

That the Act violates the Constitution of the United States and the Constitution of the State of Delaware in

that by providing for the nomination of five members of the department of elections by the chairman of each of the two leading political parties of the State, and their subsequent appointment by the Governor, it introduces a new scheme or system of government by individuals and irresponsible persons;

That the Act is unconstitutional and void in that it endeavors to continue in office all of the present members of the department of elections until the members provided for under the Act are appointed and qualified, thus continuing in office certain members of the present department of elections;

That the respondents, Harris B. McDowell, Jr. and Earl D. Willey, as Chairman of their respective political parties are irresponsible persons, do not hold any office in the government of this State and are not vested with any of the sovereign power or authority of the State, especially the right to nominate to office.

That by the provisions of another act entitled "An Act To Amend An Act To Create A Bureau Of Registration For New Castle County", 46 Del. Laws, c. 185, the members of the Department of Elections for New Castle County provided for by the Act under consideration, becomes the Bureau of Registration for New Castle County, which would create a burden, hardship and confusion to the citizens and qualified voters of the city of Wilmington, and prevent and deprive them of their right and opportunity to register as qualified voters for the municipal election to be held this year;

That there is no other adequate remedy at law to the petitioner, or the other members of the present Department of Elections for New Castle County.

In support of their motion to dismiss the petition a

number of reasons were assigned by the respondents, but it is only necessary to consider the following two:

That it does not clearly appear from the petition that the petitioner is entitled to the relief prayed for.

That it does not clearly appear from the petition that the respondents have failed to perform any ministerial duty imposed upon them by law.

All of the authorities agree that the writ of mandamus is a very ancient remedy. It was resorted to in England as early as the reign of Edward III. The early theory of the common law was that all justice sprang from the King who was supposed to sit in the court of King's Bench. In cases where no legal remedy could be obtained by the regular course of procedure known to the law, the prerogative power of the writ of mandamus was issued in the name of the King to enforce his commands. The writ commanded the person to whom it was addressed to perform some act or duty imposed upon him. *Rex v. Heathcote,* 10 *Mod.* 48, 88 *Eng. Reprint* 620; *Kendall v. United States,* 12 *Pet.* 524, 37 *U.S.* 524, 9 *L. Ed.* 1181.

In many jurisdictions today, either by statute or rule of court, the writ of mandamus has been abolished, and mandamus orders have taken its place. These changes in the mode of procedure, however, have made no change in the function of the remedy. Mandamus, 34 American Jurisprudence, Sec. 3, P. 810.

The Constitution of this State at paragraphs one and five, of Section twelve, of Article four, provides that the Supreme Court shall have jurisdiction to issue writs of mandamus to the Superior Court, the Court of Oyer and Terminer, the Court of General Sessions, the Court of Chancery and the Orphans' Court, or any of the Judges of

said Courts, and all orders, rules and processes proper to give effect to the same.

Paragraph 4282 of the Code of 1935, provides for proceedings by mandamus in the Superior Court, said proceedings to be begun by filing a petition upon which a summons shall issue requiring the defendant to appear and file an answer at a time to be fixed by the Court or any Judge thereof.

There being no law in this State defining the character and function of the writ, it is governed by the same rules and adapted to the same purpose that it was at common law.

The writ of mandamus is a command in the name of the State or Sovereign, issued by a court of law having competent jurisdiction, to an inferior or lower court, to a tribunal or board, or to a corporation or person, requiring the performance of some duty named therein, said duty being attached to the official position of the party to whom writ is directed, or resulting from operation of law. *Kendall v. United States, supra;* 34 *American Jurisprudence,* Page 809, Sec. 2.

It has long been held that one who seeks to compel the performance of some duty by mandamus proceedings, must not only show a clear right to have such duty performed but also that he has no other adequate remedy.

If the right be doubtful, mandamus will not lie. If the right be clear, and there is some other adequate remedy, that remedy, and not mandamus, must be relied upon. *Marbury v. Madison,* 1 *Cranch* 137, 5 *U.S.* 137, 2 *L. Ed.* 60; *Westminister Water Co. v. Westminister,* 98 *Md.* 551, 56 *A.* 990, 64 *L. R. A.* 630, 103 *Am. St. Rep.* 424; *Norman v. Kentucky Board of Managers,* 93 *Ky.* 537, 20 *S. W.* 901, 18 *L. R. A.* 556; *Hobbs v. Tom Reed Gold Mining Company,*

164 *Cal.* 497, 129 *P.* 781, 43 *L. R. A.* *(N. S.)* 1112; *George S. Chatfield Co. v. Reeves,* 87 *Conn.* 63, 86 *A.* 750, *L. R. A.* 1916D, 321; *Swift v. State ex rel. Richardson,* 7 *Houst.* *(Del.)* 338, 6 *A.* 856, 32 *A.* 143, 40 *Am. St. Rep.* 127; *McCoy v. State ex rel. Allee et al.,* 2 *Marv.* *(Del.)* 543, 36 *A.* 81.

The Court of this State has consistantly held that the exercise of the jurisdiction to grant the writ, rests in the sound discretion of the Court, subject to well settled principles which have been established and recognized. *State v. Wilmington Bridge Company,* 3 *Harr.* *(Del.)* 312; *Swift v. State ex rel. Richardson,* 7 *Houst.* *(Del.)* 338, 6 *A.* 856, 32 *A.* 143, 40 *Am. St. Rep.* 127; *McCoy v. State ex rel. Allee et al.,* 2 *Marv.* *(Del.)* 543, 36 *A.* 81; *State ex rel. Eakin v. Delaware Fire Company,* 1 *W. W. Harr.* (31 *Del.*) 586, 117 *A.* 129; *State ex rel. Theile v. Cities Service Co.,* 1 *W. W. Harr.* (31 *Del.*) 514, 115 *A.* 773, 22 *A. L. R.* 8.

The relator in this case is not asking that the respondents be commanded to perform some official act or duty, on the contrary, he is asking that the said respondents Harris B. McDowell, Jr., and Earl D. Willey, Chairmen of the two leading political parties of the State, each refrain from nominating five members of the Department of Elections for New Castle County, and refrain from forwarding or certifying such nominations to the Governor for appointment as members of said department of elections; and in the event that the said respondents Harris B. McDowell, Jr., and Earl D. Willey, Chairmen, as aforesaid, have forwarded and certified to the Governor nominations made by them, that the Governor be directed and ordered not to appoint the persons so nominated.

The petition seeks to restrain or prevent the respondents from doing something.

Many authorities hold, and we agree with their

position, that the remedy by mandamus should not be used to prevent the commission of an Act. *Legg v. Mayor of Annapolis,* 42 *Md.* 203; *State ex rel. Penn Mutual v. Hahn,* 50 *Ohio St.* 714, 35 *N. E.* 1052; *Ware v. Welch, Tex. Civ. App.,* 149 *S. W.* 263; *Board of Supervisors of Amherst County v. Combs,* 160 *Va.* 487, 169 *S. E.* 589.

It is contended on behalf of the petitioner that the Court of this State has granted relief by mandamus where the facts were similar to those now before us, in the cases of *State ex rel. Roman v. Tatnall et al.* and *Corsano,* 3 *Terry* (42 *Del.*) 328, 32 *A.* 783; *Buckingham v. Hopkins,* 3 *Terry* (42 *Del.*) 301, 32 *A.* 2d 659; *State v. Townsend, Governor,* 7 *Boyce* (30 *Del.*) 19, 102 *A.* 184.

We cannot agree with this contention.

In the case of State ex rel. Roman v. Tatnall, supra, the petition prayed that a peremptory writ of mandamus issue to certain persons named therein, composing the Department of Elections for New Castle County, requiring them to omit from the official ballot to be used at the forthcoming city election for the City of Wilmington, the name of Frank J. Corsano as a candidate for a member of City Council from the Fifth Ward. The reason given being that Frank Corsano was a Justice of the Peace of the State of Delaware, in violation of Chapter 220, Volume 43 of the Laws of Delaware which provided as follows: "It shall be unlawful for any member of the Judiciary of this State, including Justices of the Peace, Judges of the Courts of Common Pleas, and Judges of the Municipal Court of the City of Wilmington, to be a candidate for any elective office during his term as a member thereof, and until six months thereafter". The learned Judge after holding that Chapter 220 of Volume 43 of the Laws of Delaware was constitutional, stated that in view of the fact that it was admitted that Corsano accepted his appointment to the

office of Justice of the Peace subsequent to the enactment of Chapter 220 of Volume 43 aforesaid, and was also admitted that Corsano was discharging the duties of the office of Justice of the Peace when his nomination was filed with the Department of Elections aforesaid, his candidacy was in direct violation of said Chapter 220, and he was therefore not a candidate in fact. He, therefore, held that if Corsano was not a candidate in fact his name could not properly be placed on the official ballot as a candidate for the office of City Council from the Fifth Ward. By issuing the writ of mandamus requiring the Department of Elections to omit the name of Corsano from the official ballot, he commanded said Department of Elections to prepare an official ballot containing the name of a candidate for City Council from the Fifth Ward who was a candidate in fact, in order that the qualified electors of that ward would have an opportunity to vote for some one for City Council who was actually a candidate.

In the case of *State ex. rel. Buckingham v. Hopkins, supra*, the relator presented his petition praying that a peremptory writ of mandamus issue directed to Colonel C. Hopkins and others, constituting the Mayor and Council of Middletown, commanding them to forthwith permit, restore and grant unto him the exercise of every power, privilege, right, duty and authority which belonged to him as Mayor of the Mayor and Council of Middletown. He set forth in his petition that he was duly elected Mayor of the Mayor and Council of Middletown at the Municipal election held the first Monday in March, 1943, took the oath of office at a regular meeting of Council held thereafter and entered upon the duties of said office; that subsequently, on March 5, 1943, the respondents, as members of Council, held a meeting without giving him notice thereof and passed resolutions without his approval and did other acts without recognizing him as Mayor.

The respondents filed an answer admitting the facts contained in the relator's petition, but denying that he was legally elected as Mayor. They aver that the certificate of election which he received certifying to his election as Mayor was a nullity, because at the time he became a candidate for the office of Mayor and at the time of his election, he occupied the office of a Justice of the Peace of the State of Delaware, and by reason thereof was disqualified as a candidate for the office of Mayor of Mayor and Council of Middletown, under the provisions of Chapter 220 of Volume 43 of the Laws of Delaware. The learned Judge held, that the relator's certificate of election was prima facie evidence of his right to hold the office, and after having duly qualified he became the officer de jure, and as such, was entitled to hold the office until his title thereto could be decided by an appropriate action in the nature of a writ of quo warranto.

The respondents were given until a certain time in which to file an amended answer, and in case an amended answer was not filed, the learned Judge stated he was of the opinion that the prayer of the petition should be granted. The report of the case does not state whether said amended answer was ever filed, and no further action seems to have been taken. The effect of the decision was to command the respondents to recognize the relator as the de jure Mayor of the Mayor and Council of Middletown, until his title thereto could be properly determined by a writ of quo warranto, not to refrain from doing something as is prayed for in this case.

In State v. Townsend, Governor, *supra,* a peremptory writ of mandamus was prayed for requiring and commanding the Governor to appoint registration officers in accordance with law, and in particular to make an equal division among the lists presented to him as to registrars, for each of the districts. The Court dismissed the petition because

it appeared therefrom that the Governor had performed his duty in compliance with the statute.

We fail to find that either of these cases supports the principle for which they are relied upon in this case.

■ It nowhere appears that the said Harris B. McDowell, Jr., and the said Earl D. Willey, Chairmen of the two leading political parties aforesaid, have refused to perform any act or duty imposed upon them by the statute, nor does it appear that the Governor has refused to perform any duty imposed upon him by the statute. As heretofore stated the Court is not asked to issue the peremptory writ of mandamus to command the performance of some duty incidental to an office or imposed by law, but to refrain from the performance of some act, which is clearly not the function of the writ. Having arrived at this conclusion, it necessarily follows that we are of the opinion that the writ should not be issued in this case and the petition will be dismissed.