**COURT OF CHANCERY
OF THE
STATE OF DELAWARE**

KATHALEEN ST. JUDE MCCORMICK
CHANCELLOR

LEONARD L. WILLIAMS JUSTICE CENTER
500 N. KING STREET, SUITE 11400
WILMINGTON, DELAWARE 19801-3734

June 10, 2024

A. Kimberly Hoffman
R. Eric Hacker
Alena V. Smith
Morris James LLP
500 Delaware Avenue, Suite 1500
Wilmington, DE 19801

Max B. Walton
Lisa R. Hatfield
Erica K. Sefton
Connolly Gallagher LLP
267 East Main Street
Newark, DE 19711

Re: *DPML Jamison Corner, LLC v. New Castle County, et al.*,
C.A. No. 2024-0403-KSJM

Dear Counsel:

This letter decision vacates my prior decision, dated May 14, 2024, dismissing this action for lack of subject matter jurisdiction (the "Decision").[1]

I will briefly recount the somewhat confusing background of this case, made slightly more confusing by my eagerness to dismiss it. Plaintiff DPML Jamison Corner, LLC ("DPML") filed this action to enjoin New Castle County officials from allowing a major land development plan to expire in September 2024 and to require the County approve the plan.[2]

Shortly before filing this action, DPML commenced an action for a writ of mandamus in the Superior Court against the same respondents seeking to compel

---

[1] C.A. No. 2024-0403-KSJM, Docket ("Dkt.") 16 ("Decision").

[2] Dkt. 1 ("Compl.") ¶¶ 51, 68.

the County Department of Land Use Manager to approve the land development plan.[3] That action is proceeding before Resident Judge Charles E. Butler.

Given the seemingly duplicative nature of this suit, by a letter filed on April 19, I asked counsel for DPML to state the basis for this court's subject-matter jurisdiction.[4] That same day, DPML requested cross-designation of Resident Judge Butler to preside over this action. Then, on April 22, DPML moved for a preliminary injunction, but stated in an April 22 letter its belief that the defendants would likely stipulate to a status quo order stating that the County would not enforce the deadline.[5] According to DPML, the County typically agrees to stay plan expiration in these circumstances.[6]

DPML's April 22 letter also responded to my inquiry concerning subject matter jurisdiction. The crux of DPML's argument was that "[t]he Superior Court lacks jurisdiction to prevent [the plan from expiring] under County law as equitable relief is required to toll expiration."[7]

---

[3] *DPML Jamison Corner, LLC v. New Castle Cty., et al.*, C.A. No. N24M-04-059 CEB, Dkt. 1 (Del. Super. Apr. 12, 2024).

[4] Dkt. 4.

[5] Dkt. 9 ("Mot. for Preliminary Inj."); Dkt. 8 ("Ltr. to Ct.").

[6] Ltr. to Ct. at 2 (stating that the County typically agrees to stay plan expiration when the County has substantially delayed approval).

[7] *Id.*

After reviewing the April 22 letter and other filings, I issued the Decision.[8]  I rejected DPML's arguments based on my belief that the Superior Court has the power to grant the relief that DPML sought.  DPML framed that relief in terms of equitable tolling,[9] and the Superior Court has employed that doctrine before.[10]

Then, on May 22, 2024, DPML filed an application for certification of interlocutory appeal (the "Application").[11]  In the Application, DPML helpfully redoubled its research efforts and teased out its arguments in greater detail.  DPML cited to case law for the proposition that "mandamus may not be sought to create a duty" and "it is historically the proper remedy to coerce performance of a pre-existing duty."[12]  Accordingly, a writ of mandamus "can be issued . . . to require the performance of some duty attached to the official position of the party to whom the writ is directed."[13]  Further, "[w]here the duty sought to be enforced does not involve the exercise of discretion, but is ministerial only, mandamus has traditionally been deemed an adequate legal remedy."[14]  Moreover, the County lacks the discretion to

---

[8] Dkt. 16 ("Decision").

[9] Ltr. to Ct. at 4 ("The Petition for a *Writ of Mandamus* does not request any equitable tolling because the Superior Court cannot grant that relief.").

[10] Decision at 2 n.4 (citing *Trustwave Hldgs., Inc. v. Beazley Ins. Co., Inc.*, 2019 WL 4785866, at *4 n.40 (Del. Super. Sept. 30, 2019)).

[11] Dkt. 17.

[12] *Capital Educators Ass'n v. Camper*, 320 A.2d 782, 786 (Del. Ch. 1974) (citation omitted).

[13] *Id.* (citation omitted).

[14] *Id.* (citation omitted); *see also State ex rel. Lyons v. McDowell*, 57 A.2d 94, 97 (Del. 1947) ("If the right be doubtful, mandamus will not lie.  If the right be clear, and there

stay the looming September deadline. Under New Castle County Code Section 40.31.390, as the parties here interpret it, that deadline is automatic.

Because the County lacks the discretion to extend the deadline under governing law, according to DPML, the deadline issue lies outside the scope of mandamus proceedings. Likewise, the County's agreement to extend the deadline is of questionable effect. Although it might be enforceable by the counterparty to the litigation, it might face collateral attack from third parties interested in the plan of development. For this reason, the County views a court order—and an order from a court of competent jurisdiction—as the only binding mechanism to forestall application of the automatic deadline. That is why DPML filed this action and why the County agreed to a status quo order. DPML explained all of this in greater detail in the Application.

I held a hearing on the Application on June 6, 2024. During the hearing, I expressed continued skepticism that the parties needed to enlist two courts to achieve relief from the September deadline. It seemed to me that DPML could simply move to expedite the mandamus proceeding to have all issues resolved in advance of the deadline. If the County sought to avoid expedited proceedings, it could agree not to enforce the deadline. The scheduling order would be based on that agreement, adding judicial estoppel as a potential basis to enforce the agreement. At least that was one approach that I identified, which has the upside of honoring the inherent case-

is some other adequate remedy, that remedy, and not mandamus, must be relied upon." (citations omitted)).

management functions of our sister court and avoiding enlisting two courts in the same dispute. During oral argument, I was informed by the parties that this approach has not worked in the past and would not work now, and I knew enough by that point to trust the parties' representations.

Hence, I have come to agree with DPML that the only fool-proof way under current law and procedure to preserve DPML's rights at issue in the mandamus proceeding is the ever-inefficient two-case approach and for this court to enter a status quo order. The circumstances of this case reveal an opportunity to improve our system, and perhaps future litigants or jurists will seize that opportunity. This letter decision accepts the world in its current state, correcting only the court's own prior actions in this suit.

Accordingly, the Decision is vacated. I will enter the parties' status quo order dated April 24, 2024. I will also confer with President Judge Jan Jurden and Resident Judge Butler concerning DPML's request for cross-designation.

IT IS SO ORDERED.

Respectfully,

*/s/ Kathaleen St. Jude McCormick*

Kathaleen St. Jude McCormick
Chancellor